### FOSTER L. STEVENS vs. JAMES W. CURREY et al.

Where a cause is regularly noticed and placed upon the calendar for trial, an amendment of the pleadings does not render a new notice of trial necessary.

This cause was at issue, and noticed for trial by the plaintiff's attorneys, and placed on the calendar for the term of the District Court in Olmstead county, in October, 1862.   At said term, the

Stevens v. Currey et al.

plaintiff moved for leave to amend his complaint, which was allowed, and the complaint was amended.    There was also an amended answer and reply in said cause.  No notice of trial, other than the one for said October term, was ever served.  The cause was on the calendar of said court for the May term, 1863, and the defendants moved the court to strike the same from the calendar, as improperly placed thereon.  The motion was denied: and the cause moved on for trial by the plaintiff, and the defendant being called, failed to appear, and the cause was tried by the Court, and a decision rendered in favor of the plaintiff.

Judgment was entered upon the decision, and the defendants appeal from such judgment, and from the order of the court refusing to strike the cause from the calendar of the May term of the District Court.

CHAS. C. WILLSON for Appellants.

I.—The Compiled Statutes, *p.* 558, *sec.* 8, provide that at any time after issue, either party may give notice of trial—the issues once placed upon the calendar of a term, if not tried at the term for which the notice was given, need not be noticed for a subsequent term, but must remain upon the calendar from court to court until finally disposed of.

The party giving the notice must furnish the clerk with a note of the issue, stating the date when the last pleading was served—and the clerk must thereupon enter the cause upon the calendar according to the date of the issue.

Under this statute it is to be observed that it is the issue not the cause that is placed on the calendar for trial.  The old issue noticed and placed on the calendar bore date September 6th, 1862, and was disposed of at the October Term, 1862, by being set aside and vacated by the operation and effect of the order entered by consent at that term.  The new issue bore date April 20th, 1863.

II.—If no new notice of trial was required in this case, then the issue remained on the calendar for trial, and could have been

brought to trial at any term held in the county before the new pleadings were served.

That position involves this absurdity, that the old issue was the one tried and that the new pleadings do not form the issues in the case.

III.—If no new notice of trial was required in this case then no new note of issue was required, and the issues would stand on the calendar six months higher up than their proper place, viz: at the date of the old issue and not as of the time the last pleading was served.

IV.—It is too evident to admit of argument that these defendants have had no day in court—no opportunity to prove their defence in this case, that judgment was given against them without notice, and that a new trial should be granted with costs.

TOLBERT & SWEAT for Respondent.

I.—The cause was properly put on the calendar at October Term, 1862, and being properly on the calendar must remain there until disposed of.

II.—At any time after issue either party may give notice of trial—the issues once placed upon the calendar of a term if not tried at the term for which the notice was given, need not be noticed for a subsequent term, but must remain upon the calendar from court to court until finally disposed of. *Comp. Stat., page* 558, *Sec.* 8.

*By the Court*—McMILLAN, J.—The only question to be determined in this case is whether after a cause is regularly noticed for trial and placed upon the calendar, an amendment of the pleadings requires a new notice of trial before the case can be disposed of if either party objects.

It is expressly provided by statute when the proper notice of trial and note of issue are given, that the clerk shall enter the cause upon the calendar according to the date of the issue, and "The issues once placed upon the calendar of a term if not tried at the term for which the notice was given, need not be noticed

for a subsequent term, but must remain on the calendar from court to court until finally disposed of." * *. * *Comp. Stat., Ch.* 61, *Sec.* 8, *page* 558.

Amendments of pleadings both before and upon the trial of causes are of common occurrence. If the position of the appellant is correct, no cause could be tried where an amendment of the pleadings takes place until a subsequent term, and until new notice of trial is given. An amendment of pleadings is not a final disposition, although it may be a change of the issues in an action, and does not under our statute require a new notice of trial. We see no error in the proceedings of the Court below.

Judgment affirmed.