ARCHIBALD McMURPHY

*vs.*

CHARLES WALKER.

In an action brought upon two promissory notes, the complaint alleged that the notes were delivered upon a particular day, stated in the complaint. The answer alleged, that " the notes were not delivered to the plaintiff *till after*" the day stated in the complaint. It was not material that the delivery of the notes should have transpired upon the particular day stated in the complaint. *Held*, The denial in the answer is a negative pregnant and raises no material issue.

The defense set up was a partial failure of the consideration of the notes, by reason of false and fraudulent representations and warranty, by the plaintiff, as to the character of land, for the purchase price of which the notes were given. Touching the representations, the answer alleged that at the time of the sale and conveyance of the land, " the plaintiff falsely and fraudulently stated, represented and warranted to defendant," that a certain portion of the land " was well and heavily covered with a healthy growth of good timber," &c. The allegation was denied. The referee to whom the action was referred for trial, in his report, after referring to the issue in the case, the witnesses upon the trial, the character of their testimony and other matters, states : " Therefore I find, as a matter of fact, that the defendant has not proved the false representations." *Held*, 1. That the burden of proof, in this instance, resting upon the defendant, this is a finding, at least, that the representations were not false or fraudulent, and sustains the conclusion, that the plaintiff is entitled to judgment. 2. The land having been conveyed to the defendant by deed, it would not be competent to prove a parol warranty as to the character of the land, as such warranty. 3. There being no pretense of a written warranty, the finding of the referee sufficiently negatives the allegations of the answer, and passes upon the whole issue as to fraudulent representations and warranty by the defendant.

This action was brought in the district court for Stearns county, to recover the balance due upon two promissory notes, alleged in the complaint to have been executed and

McMurphy v. Walker.

delivered by the defendant to the plaintiff, on the 10th September, 1868, and bearing date on that day. The answer alleges that said notes were not delivered till after the 10th September, 1868; that the sole consideration for the notes was the sale and conveyance by the plaintiff to the defendant, on the 11th September, 1868, of three described parcels of land in Pope county, containing altogether two hundred acres, for which the defendant paid twenty dollars in cash and gave the notes in suit for the unpaid purchase money, amounting to fourteen hundred and fifty dollars; that at the time of the sale and conveyance the defendant was wholly unacquainted with one of the parcels, (describing it,) and had never seen the same, and was not then able to make an examination of the quality thereof; that the rest of said lands were prairie, without timber, and situate in a section of country where timber was scarce; " that for the purpose of inducing defendant to purchase all of the property at said price, the plaintiff then and there falsely and fraudulently stated, represented and warranted to defendant, that said forty acres of land last above described was good timber land,   *   *   *   and then was heavily covered with a healthy growth of good timber; that relying upon said representations and warranty so made, and believing the same to be true, defendant purchased said piece of land of plaintiff for said sum, and executed and delivered to him the notes aforesaid in part payment therefor; that said forty acre tract of land lies within about four miles of said other lands, and then was and now is destitute of any good timber, and is marsh and brush land; that if it had been well and heavily covered with a healthy growth of timber, as represented and warranted by plaintiff, said forty acre tract would have been worth five hundred dollars, whereas it was then and there worth no more than forty dollars; and that solely on account of said forty acres

being destitute of timber, all of the lands sold and conveyed by the plaintiff to defendant were diminished in value by the sum of four hundred and fifty dollars," which sum the plaintiff alleges as a counter claim.

The allegations constituting this counter ·claim are denied by the reply.

The action was tried by a referee, whose report is set out in the opinion, and on the 3d January, 1873, judgment was entered for the plaintiff. On the 22d March, 1873, the defendant duly served a notice of appeal from the judgment to this court. On the 9th August, 1873, the defendant obtained an order from the district court requiring the referee to file an amended report, the order specifying the particulars in which the report should be amended. With this order, although it was served upon him, the referee never complied.

No case or bill of exceptions is included in the return to this court.

MOORE & KERR, for Appellant.

MINER & BARTO, for Respondent.

*By the Court.*—McMILLAN, CH. J.—Upon the trial before the referee, the allegation, in the defendant's answer, of payment of one thousand dollars upon the notes mentioned in the complaint, was, on the defendant's own motion stricken out, as appears by the amended return. The allegation in the answer, that " the notes were not delivered to the plaintiff, till after the 10th of September, 1868," is a negative pregnant, and raises no material issue. The only issue, therefore, which remained to be tried by the referee, was that in relation to the false representations and warranty as to the character of the land, set up in the answer, and denied in the reply.

Upon this issue, the referee in his report states and finds as follows: " The testimony as to plaintiff's representations in respect to the timber land, is confined to four witnesses, viz.: plaintiff, defendant, John Smith and plaintiff's wife; two of which swear point blank against the other two, viz.: defendant and Smith swear in favor of defendant, and the plaintiff and his wife swear in favor of plaintiff. The witnesses, on one side or the other, have committed willful perjury; where it is, the referee is unable to determine; hence I do not find that the defendant's ground of defense is established; further, the lapse of time since the purchase was made, without any attempt on the part of the defendant for redress, tends to rebut the presumption, that the quality of the timber land was the main inducement to the purchaser. Therefore, I find, as matter of fact, that the defendant has not proved the false representations. And upon this finding of fact, I find that the plaintiff is entitled to judgment for the amount claimed in the summons, and it is accordingly so ordered."

The report of the referee is very inartificially drawn, and is not to be commended, either as to its form or substance. The report should have contained a distinct statement of such facts involved in the issues, as were established by the evidence to the satisfaction of the referee, and a separate statement of the legal conclusions applicable to such facts. The evidence establishing the facts, and the reasons for the referee's conclusions, form no part of a report, and should not in any instance incumber the record in the form of a report. This report is not sufficiently specific, nor does it state separately the conclusions of fact and the conclusions of law, and for these reasons might have been referred back to the referee for correction, if the application had been made to the court below in due season. The application made by the appellant was not presented to the district court until after the appeal

had been taken, and although granted by the court, the order could not be enforced, because, at the time of granting the order, the court had lost its jurisdiction by reason of the appeal previously taken.

The principal issue to be tried by the referee was that in reference to the false and fraudulent representations of the plaintiff concerning the land. Upon this issue, the defendant had the affirmative, and the burden was upon him to establish the allegations in his answer. The referee finds, " as matter of fact, that the defendant has not proved the false representations." It was necessary for the defendant to establish, by a preponderance of proof, that the plaintiff did make the representations concerning the land, alleged in his answer, and that they were false and fraudulent; if he failed to establish either allegation, he could not recover. If the finding of the referee does not show a failure of the defendant to prove that the representations were made, we think the report may fairly be construed to mean that the falsity of the representations was not shown. This is a finding, substantially, that the representations were not false or fraudulent, and sustains the conclusion that the plaintiff is entitled to judgment.   *Califf vs. Hillhouse,* 3 *Minn.* 311.

It was urged upon the argument by the appellant, that the answer sets up an express warranty, as well as false and fraudulent representations, and that the referee has only passed upon the issue as to false and fraudulent representations.

It is not claimed that there was a written warranty in respect to the character of the land. The land having been conveyed to the defendant by deed, it would not be competent to add to, or vary, or contradict the deed by parol. (2 *Taylor on Ev. secs.* 1035-6; *Pickering vs. Dowson,* 4 *Taunt.* 779; *Kain vs. Old,* 2 *B. & C.* 627. Evidence of a parol warranty, as such, therefore, was not competent.

McMurphy v. Walker.

Parol evidence of what, in some cases, would be an express warranty, could only be received, in this case, as establishing false and fraudulent representations. The finding of the referee, therefore, passes upon the whole issue.

The number of living witnesses upon the trial was equally divided between the parties. It must be inferred from the report, that the testimony of the witnesses upon one side was directly contradictory of those upon the other; that the testimony for the respective parties covered the same ground, and was of equal credibility, so that, as between the witnesses, there was no preponderance whatever in favor of either party. In order to arrive at these conclusions, the referee must have given careful consideration to the testimony upon either side, and in such case, the burden of proof resting upon the defendant, his finding, that the defendant had not proved the ground of his defense, was correct. Whether the additional circumstance of lapse of time, without an attempt on the part of the defendant for redress, had the precise tendency imputed to it by the referee, or not, is not material. If it had such tendency, the report would be correct; if it had not, it certainly did not tend to support the defendant's allegations, and could not have injured the defendant.

We are unable to discover any error of which the defendant can take advantage at this stage of the proceedings.

Judgment affirmed.