HENRIETTA SOMERVILLE *vs.* JOHN DONALDSON and another.

June 12, 1879.

Second trial in action concerning title to real estate.—Laws 1867, *c.* 72, § 2, (Gen. St. 1878, *c.* 75, § 11,) giving a right to a second trial to a party against whom a judgment is rendered in an action for the recovery of real estate, does not apply to an action to set aside a conveyance of real estate on the ground of fraud.

Appeal by defendants from an order of the district court for Ramsey county, *Simons*, J., presiding, setting aside and declaring null and void the written demand of the defendants for a second trial, filed with the clerk of the court, and directing that the same be stricken from the files in the action.

*Williams & Davidson*, for appellants.

*Smith & Egan*, for respondent.

GILFILLAN, C. J.   The question involved is the defendants' right, under Laws 1867, *c.* 72, § 2, amending Gen. St. *c.* 75, § 5, to have a second trial after a judgment against them in the action.   The complaint sets forth plaintiff's title to an undivided half of certain real estate, the defendant Somerville, her husband, owning the other half; the execution by her and her husband of a conveyance to defendant Donaldson, and the recording thereof; that such conveyance was without consideration, and that she was induced to join in the execution of it by fraud of her husband, setting forth the specific fraud practised upon her.   The court below, upon a trial, found the facts to be as alleged in the complaint, and rendered judgment declaring said conveyance null and void as to the plaintiff.   This, though not the precise relief demanded in the complaint, was the proper relief to grant if she was induced to execute the conveyance by fraud.

The statute under which a second trial is asked reads: "Any person against whom a judgment is recovered in an action for the recovery of real property, may, within six months after written notice of such judgment, upon payment of all costs and damages recovered thereby, demand another trial, by notice in writing to the adverse party or his attorney in the action; and thereupon the action shall be retried, and may be brought to trial by either party."   (Gen. St. 1878, *c.* 75, § 11.)   The court below held the action not to be one for the recovery of real property, within the meaning of this statute, and denied the right to a second trial.

In *Ferguson* v. *Kumler*, 25 Minn. 183, this court said: "From a general view of the provisions of chapter 75, relat-

ing to such actions, it is quite apparent that the phrase 'action for the recovery of real property,' as there used, was intended to refer to an action in the nature of the common-law ejectment." That case was a proceeding under the statute relating to forcible entry and detainer, and the court held that such a proceeding, when it becomes an action to determine the title as well as to obtain possession, is in effect an action for the recovery of real property, in the nature of the common-law ejectment. The effect of the decision is that any action, whatever its form, which is in the nature of a common-law ejectment, comes within the statute giving a second trial as a matter of right. But no other action comes within it. There may have been two reasons for the statute. At common-law the judgment in ejectment was not conclusive on the question of title. The statute makes the last judgment in the action final. In ejectment the pleadings simply alleged or denied title, without stating any particulars, and either party might be taken by surprise by the evidence introduced by his adversary under the naked allegation of title. To guard against this, the right to a second trial is given the defeated party.

Neither of these considerations could apply to an action in the nature of a bill in equity, however the decree might affect the title to real estate. Such an action does not come within either the language or the apparent reason of the statute, and so does not come within the statute.

Order affirmed.