ELIZABETH C. SCHMITT *vs.* GEORGE SCHMITT.

May 31, 1884.

Real Property—Title and Right of Possession tried and determined in Divorce Suit—Second Trial.—Where, in an action for divorce, issues involving the title and right to possession of real estate are tried and determined, the judgment adjudging the title to be in one of the parties, and that such party have possession, the other is entitled, upon complying with Gen. St. 1878, *c.* 75, § 11, to a second trial of those issues, though not to a second trial of the issues as to the divorce.

Same—Judgment conclusive that Title, etc., were tried and adjudged. Where the judgment shows that the title and right to possession of real estate were tried and determined, it is conclusive that they were so tried and determined.

Appeal by defendant from an order of the district court for Scott county, *Macdonald,* J., presiding, vacating and setting aside the defendant's demand for "another trial of that part or branch of said action wherein the title and right of possession to the lands described in the complaint in said action are involved." A former appeal in this action is reported 31 Minn. 106.

*Brown & Hawkins,* for appellant.

*E. Southworth,* for respondent.

GILFILLAN, C. J.[1]  After judgment against defendant in the court below, he, within six months, demanded, under Gen. St. 1878, *c.* 75,

---

[1] Dickinson, J., because of illness, took no part in this decision.

§ 11, another trial of "that part or branch of said action wherein the title and right of possession to the lands described in the complaint in said action are involved." On plaintiff's motion the court below set the demand aside, on the ground that the action is not one in which a defeated party has a right to a second trial under the statute. From the order setting it aside this appeal is taken.

The action was primarily for a divorce. The complaint, after alleging the marriage, and the facts constituting the ground for divorce, to wit, cruel and inhuman treatment,—among other things, driving plaintiff away from home, to which she did not dare return,—alleges that she is the owner in fee simple, in her own right, of certain described real estate on which her home is situated, and that defendant is now residing thereon. The judgment prayed for is for a divorce, "and for such other and further relief as may be just." The answer denies plaintiff's title to the real estate, and alleges that defendant is the owner in fee and in possession thereof, and demands that his title be quieted and established. The reply denies defendant's title and possession. The judgment dissolves the marriage between the parties, and adjudges that plaintiff is the absolute and sole owner of the real estate, describing it, and "that she is entitled to and have the immediate possession thereof."

In *Ferguson* v. *Kumler*, 25 Minn. 183, it was said that the phrase in section 11, chapter 75, "action for the recovery of real property," refers to an action in the nature of the common-law ejectment; and in *Somerville* v. *Donaldson*, 26 Minn. 75, that any action, whatever its form, which is in the nature of the common-law ejectment, comes within the statute, but that no other does. And so, in the former case, it was held that a proceeding under the statute relating to forcible entry and detainer, when it becomes an action to determine the title as well as to obtain possession, comes within the statute; and in the latter, that an action in the nature of a suit in equity, to set aside a conveyance of real estate fraudulently obtained, did not. It is apparent from these cases that, to determine the right to a second trial, the court will look to the substance of the cause of action determined, and not merely to the form or manner in which it is presented. And it follows that a cause of action substantially in ejectment does not

lose the right to a second trial, merely because, either properly or improperly, joined with a cause of action to which that right does not apply.

In this case the complaint alleges plaintiff's title and defendant's possession; for what purpose, except to have the judgment of the court thereon, it is impossible to conjecture. Those allegations had nothing to do with her cause of action for divorce. That cause of action would have been as complete had defendant owned the land and she been in possession, as with the title in her and possession in him. Any controversy as to the title and possession might have been litigated without any action for divorce, or after the action had been determined either way. The allegations were of matter independent of and foreign to the cause of action for divorce. They had no proper place in the statement of that cause of action. The defendant seems to have waived any objection to their remaining in the complaint, and to have understood them as tendering for trial an issue such as is usually presented by a complaint in ejectment. In his answer he accepted the issue by denying plaintiff's title and alleging title in himself, just as he would in an action in form of ejectment, and the court determined the title and right of possession, and adjudged that plaintiff have the immediate possession, just as it would in an action in form of ejectment, and that judgment is as conclusive as it would be in ejectment. Had the allegations as to title and possession stood alone in the complaint, and the counter-allegations in the answer stood alone in an answer, and the judgment thereon been the same as this judgment, no one could have thought it anything else but an action in form as well as in substance to recover real property, in the nature of a common-law ejectment. As the judgment determines the title and right of possession, it is conclusive that those matters were tried and presented for the decision of the court. It cannot be contradicted.

There is no objection to a second trial of the action, so far as it is one to recover real property, without retrying the cause of action for divorce, to which the right of second trial does not apply. Where there are two causes of action, one may be retried without retrying the other. This court has gone further than this, and ordered a retrial of a single (independent) issue in the same cause of action, leav-

ing the decision on the others to stand.  *Buerfening* v. *Buerfening,* 23 Minn. 563.

Order reversed.