ALBERT S. KNIGHT *vs.* RICHARD VALENTINE and another.

July 7, 1886.

**Ejectment—Right to Second Trial.**—Gen. St. 1878, c. 75, § 11, giving a second trial as of right, applies only to an action in which, whatever may be its form, recovery of possession of real estate is sought, either on the part of the plaintiff or of the defendant.

Appeal by defendants from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing their demand for a second trial, in an action under the statute to determine adverse claims to real property.

*Russell, Emery & Reed,* for appellants.

*Ueland, Shores & Holt,* for respondent.

GILFILLAN, C. J. This action was brought under Gen. St. 1878, c. 75, § 2, to determine adverse claims to real estate, vacant and unoccupied, each party in his pleading alleging that he is the owner. Judgment in·the court below was rendered, adjudging plaintiff to be the owner. Defendants, within six months after written notice of the judgment, paid the costs, and demanded another trial, claiming that the action is within those specified in section 11 of the same chapter, which is in these words: "Any person against whom a judgment is recovered in an action for the recovery of real property, may, within six months after written notice of such judgment, upon payment of all costs and damages recovered thereby, demand another trial, by notice in writing to the adverse party, or his attorney in the action; and thereupon the action shall be retried, and may be brought to trial by either party."

The question, what is to be regarded "an action for the recovery of real property," within the meaning of this statute? has, in several cases, been before this court; and in every instance it has been considered that, to come within the statute, the action must be in the nature of the action of ejectment,—that is, one in which recovery of possession is sought,—and that it does not include all actions in which the title may come in question* and be determined. The first

case was *Howes* v. *Gillett*, 10 Minn. 316, (397,) an action of eject-ment, in which the defendant had judgment, and the plaintiff demanded a second trial. The statute, as it then was, read: "Any person against whom a judgment for the recovery of specific real property is rendered," etc. The judgment was recovered against the plaintiff as to his right or title to the possession, but the court held that, to be for a recovery of real property, the judgment must be for the recovery of possession. Subsequently the statute was changed so as to be as it now stands. But the same reasoning on which it was held that a judgment adverse to the party's title was not a judgment for the recovery of real estate, establishes the proposition that an action where only the title is in question, and recovery of possession is not sought, is not an action for the recovery of real property.

*Eastman* v. *Linn*, 20 Minn. 387, (433,) was an action by plaintiff in possession to determine adverse claims to real estate. The defendant alleged title in himself, and demanded judgment for recovery of possession. The court said: "The pleading of the counterclaim, with the demand for relief, is, in effect, the instituting of a cross-action (in the nature of ejectment) for the recovery of the real property in controversy, the allegations of the answer being such as would be sufficient in an action of that nature." For that reason the court held that the statute giving the right to a second trial applied.

*Ferguson* v. *Kumler*, 25 Minn. 183, was an action under Gen. St. 1878, c. 84, § 11, to recover possession of land purchased at execution sale, the time to redeem having expired without redemption. The court held the statute here in question to apply, saying: "From a general view of the provisions of chapter 75 relating to such actions, it is quite apparent that the phrase 'action for the recovery of real property,' as there used, was intended to refer to an action in the nature of the common-law ejectment."

*Somerville* v. *Donaldson*, 26 Minn. 75, (1 N. W. Rep. 808,) was an action to set aside a conveyance on the ground of fraud. The court held the action did not come within the language or apparent reason of the statute, and after referring to *Ferguson* v. *Kumler*, and quoting the language above quoted, said: "The effect of the decision is that any action, whatever its form, which is in the nature of a com-

mon-law ejectment, comes within the statute giving a second trial as a matter of right; but no other action comes within it."

In *Schmitt* v. *Schmitt,* 32 Minn. 130, (19 N. W. Rep. 649,) an action for divorce, in which was joined a cause of action to recover possession of real estate, (upon which judgment in the court below was rendered,) the court affirmed what was said in the two cases cited last above.

The conclusion from these cases is that, to come within section 11, chapter 75, the action must be one in which, whatever may be the form of the action, recovery of possession is sought, either on the part of the plaintiff or on the part of the defendant.

Order affirmed.