(Opinion published 52 N. W. Rep. 26.)

## CITY OF ST. PAUL *vs.* CHICAGO, M. & ST. P. RY. CO.

Submitted on briefs Jan. 27, 1892. Decided March 15, 1892.

**New Trial in Action to Recover Real Property.**—The substance of the controversy is over the title and right to the possession of the *locus in quo*. The principal relief sought is the recovery of the property, which is resisted by the defendant. The case falls within the statutory rule (1878 G. S. ch. 75, § 11) entitling a defeated party in such an action to demand a second trial. The rule is not changed by the mere fact that the plaintiff in his complaint asked additional and incidental relief.

Appeal by the Chicago, Milwaukee & St. Paul Railway Company from an order of the District Court of Ramsey County, *Brill*, J., made September 22, 1891, refusing to vacate and strike from the records the notice and demand of the City of St. Paul, plaintiff, for a new trial of this action under 1878 G. S. ch. 75, § 11.

The facts in this action and the character of the relief awarded are stated in the decision of this court on the former appeal therein. *City of St. Paul* v. *Chicago, M. & St. P. Ry. Co.*, 45 Minn. 387. After that determination, judgment was entered in the District Court on May 18, 1891, that plaintiff take nothing by this action, and that defendant recover of the city its costs and disbursements taxed at

$343.34. The city paid those costs, and also paid the costs on the appeal to this court, and then served and filed on July 22, 1891, a notice that it demanded another trial of the action pursuant to 1878 G. S. ch. 75, § 11.

The Railway Company moved the District Court to vacate this notice and demand for a new trial, and strike it from the files. After hearing counsel that court refused the application saying: Whatever the form of this action might be determined to be from the complaint alone, it seems if the entire case is considered, that the action is in effect and for all practical intents and purposes an action for the trial of the title to the real estate described in the pleadings and to recover possession thereof. No equitable questions were litigated nor was the determination of the case based upon equitable principles. If plaintiff had prevailed it would have been entitled to judgment for the possession of the property.

*W. H. Norris* and *Flandrau, Squires & Cutcheon,* for appellant.

An action for the recovery of real property, within the meaning of 1878 G. S. ch. 75, § 11, is such an action only as is of the nature of the action of ejectment and embodies all its essentials. The word *recovery* indicates obtaining the thing itself; getting again the very thing, the substantive and beneficial interest. Therefore when the statute says an action for the recovery of real property, it means an action not only to establish title to real property, but also to get renewed possession of it. This definition has been distinctly affirmed by the English Rolls Court in *Gledhill* v. *Hunter,* 14 Ch. Div. 492, 494, 500, and is the basis of the decision in *Knight* v. *Valentine,* 35 Minn. 367; *Swartzel* v. *Rogers,* 3 Kan. 374; *Northrup* v. *Romary,* 6 Kan. 240; *Blackford* v. *Loveridge,* 10 Kan. 101. In view of the decisions upon this question by this court, no useful end can be subserved by going into any further discussion upon it. *Howes* v. *Gillett,* 10 Minn. 397, (Gil. 316;) *Knight* v. *Valentine,* 35 Minn. 367; *Whitaker* v. *McClung,* 14 Minn. 170, (Gil. 131;) *Davidson* v. *Lamprey,* 16 Minn. 445, (Gil. 402;) *Eastman* v. *Linn,* 20 Minn. 433, (Gil. 387;) *Ferguson* v. *Kumler,* 25 Minn. 183; *Somerville* v. *Donaldson,* 26 Minn. 75; *Schmitt* v. *Schmitt,* 32 Minn. 130.

*H. J. Horn* and *D. W. Lawler*, for respondent, cited:

*Knight* v. *Valentine*, 35 Minn. 367; *Eastman* v. *Linn*, 20 Minn. 433, (Gil. 387;) *Ferguson* v. *Kumler*, 25 Minn. 183; *Schmitt* v. *Schmitt*, 32 Minn. 130; *Buerfening* v. *Buerfening*, 23 Minn. 563; *Merrill* v. *Dearing*, 47 Minn. 137.

VANDERBURGH, J. The question here involved is whether this action is one for the recovery of real property, so as to entitle the plaintiff to demand a second trial under the statute. 1878 G. S. ch. 75, § 11.

It is evident, we think, from the pleadings, that the real controversy here is over the title of the *locus in quo,* and the possession thereof, dependent upon the question of title, which possession, among other relief, the plaintiff seeks in its complaint. Such other relief is, however, merely incidental or ancillary to the main controversy, as we have indicated. The plaintiff, a municipal corporation, alleges that it is the owner of the ground in controversy, which is a public street, levee, and landing within the city, and is held by it for such purposes. The complaint also shows that the premises are occupied by the defendant with its depot buildings and tracks, "by means whereof a large portion of the said street, landing, and levee has been and is occupied and blockaded by the defendant, and the city and public are wrongfully excluded therefrom." It is also alleged "that the occupancy and use of the premises by the defendant's trains traversing the tracks render the streets and levee dangerous, and create a nuisance to the public." The plaintiff asks that the defendant shall be required to remove such structures, and that said nuisance be abated, and "that said defendant may be ejected from all parts of the street, landing, and levee occupied or used by it or in its possession." Other relief is also asked by way of injunction.

If the issue of title and right to the possession were decided in plaintiff's favor, it would be entitled to recover the property in any event, which was the principal relief sought, irrespective of the question of other relief, which was altogether subordinate, if not immaterial, in the case.

The defendant, in its answer, takes issue with the plaintiff on the question of its title and right of possession, and avers that it (the defendant) is now the owner and in the actual possession of the entire parcel of land described in the complaint, "except a certain strip sixty-nine feet in width next the south line of blocks four (4) and three (3) in Hopkins' addition," referred to in the complaint, and, as a further defense, the defendant sets up title by adverse possession. The main issue between the parties is clearly defined. The controversy is over the title and right of possession of the *locus in quo*, the recovery of which the plaintiff seeks and the defendant resists.

Upon a trial upon the merits, the case was determined adversely to the plaintiff on the issue of adverse possession.

We have no doubt the case falls within the provisions of the statute giving a second trial in actions for the recovery of real property, and the order of the court, refusing to strike the formal demand for a second trial from the record, is affirmed.

(Opinion published 51 N. W. Rep. 662.)

