THOMAS McROBERTS and Another v. WILLIAM McARTHUR and Others.[1]

November 2, 1897.

Nos. 10,817—(78).

G. S. 1894, § 5845—New Trial as of Right—Adverse Claims.
> Where, in an action brought to determine adverse claims to land, the trial court finds that the land in controversy is vacant, and in the pleadings neither party demands judgment for recovery of possession, G. S. 1894, § 5845, giving the right to a second trial in actions to recover real estate, does not apply.

Appeal by defendants from an order of the district court for Houston county, Whytock, J., denying their motion for a retrial of said action. Affirmed.

*George H. Gordon* and *Wells & Hopp*, for appellants.

*Tawney, Smith & Tawney* and *E. H. Smalley*, for respondents.

BUCK, J.

It is alleged in the complaint that the plaintiffs are the owners in fee of certain real property situate in Houston county, in this state; that said land is unimproved, vacant and unoccupied; and

[1] Reported in 72 N. W. 796.

that defendants claim an estate or interest therein or lien thereon adverse to the plaintiffs, but that said claim is without any right; and the prayer for relief is that plaintiffs' title to said premises be adjudged good and valid, that the defendants have no estate or interest in said premises, and that they be debarred from asserting any claim whatever in or to said premises. Judgment for possession is not prayed for in the complaint. The defendants in their answer deny the plaintiffs' title, and allege that defendants have been in the quiet and peaceable possession of said property, claiming the same adversely for more than 20 years, and demand judgment that their title and claim to said premises be established against the plaintiffs' claim of title. The answer contained no prayer for relief as to the possession or right of possession. The reply was a general denial.

The court found as a fact that the premises were vacant and unoccupied, "with the exception of one or two very small pieces," but there is no finding that the defendants were in possession of these pieces. As a conclusion of law, the court found that the plaintiffs were the absolute owners of the premises, and entitled to the quiet, peaceable and uninterrupted possession and control thereof, and that defendants had no estate, interest, lien or claim whatsoever in and to the said premises, and ordered judgment accordingly. Judgment for an undivided two-thirds interest in said lands was thereupon entered in favor of said plaintiffs and against the defendants, who paid the costs, and demanded another trial, under G. S. 1894, § 5845, claiming that it was an action for the recovery of real property.

Tested by the allegations in the pleadings, the action is merely one to determine adverse claims. The plaintiffs do not ask judgment for the recovery of possession. They allege that the premises are vacant and unoccupied, and the defendants do not pray for a judgment for the recovery of possession, because they allege themselves to be, and have been, in possession for more than 20 years. See Godfrey v. Valentine, 50 Minn. 284, 52 N. W. 643. It is true that the court found as a conclusion of law that the plaintiffs were not only the absolute owners of the premises, but that they were entitled to possession thereof; but it is also found that the prem-

ises were vacant and unoccupied. This, of course, was equivalent to a finding that the defendants were not in possession, and upon this point sustained the allegation of the complaint. That it was not commenced or intended as an action in ejectment is clear from the allegations of the complaint, which were sustained by the findings of the court; and it is also quite clear that the defendants' answer was not framed with a view to a recovery of possession, because they therein alleged that they are already in possession. But, there being no one in possession, the title would in law draw to the owner constructive possession; and, the defendants having neither title nor possession, it certainly was not error for the trial court to adjudge that plaintiffs were entitled to possession, as well as vested with the ownership of the land. The findings of fact and conclusions of law did not authorize the entry of any judgment for the recovery of possession, and no writ of possession could have been issued on the judgment. The judgment was not one for the recovery of the possession of real property, but to determine adverse claims to it; and hence its language that plaintiffs were entitled to possession (there being no one in possession) was but asserting the result of its conclusion of law, and the judgment entered thereon was not a judgment for restitution.

Order affirmed.