FRANK H. GAHRE v. HELEN G. BERRY.

January 26, 1900.

Nos. 11,852—(196).

### Second Trial in Ejectment.

G. S. 1894, § 5845, providing for a second trial as a matter of right in actions for the recovery of real property, is a remedial statute, and must be liberally construed. To determine the right to such second trial, the court will look to the substance of the cause of action determined, and not merely to the form or manner in which it is presented.

### Trial Court Reversed.

Rule applied, and *held*, that the trial court erred in setting aside the defendant's demand for a second trial.

Appeal by defendant from an order of the district court for Hennepin county, Brooks, J., setting aside a demand for a second trial. Reversed.

*Chas. G. Laybourn*, for appellant.

*M. H. Boutelle* and *N. H. Chase*, for respondent.

PER CURIAM.

The sole question here involved is whether the defendant was entitled as a matter of right to a second trial of this action, pursuant to G. S. 1894, § 5845, providing for a second trial in an action for the recovery of real property.

The complaint alleged that the plaintiff was the owner in fee and in possession of certain land, describing it, and that the defendant claimed some estate or interest therein adverse to plaintiff, but that she had no title to or interest therein, whatever. The relief prayed for, so far as here material, was that it be adjudged that the plaintiff was the owner of the land, and entitled to the possession thereof, that the defendant had no title to or interest therein, and for general relief. The answer denied the allegations of the complaint, except as admitted, and affirmatively alleged that the de-

fendant was the owner in fee of the land and entitled to the possession thereof; that the plaintiff claimed some title or interest therein, but that he had no title to or interest therein whatever; and prayed, among other things, that the defendant be adjudged the owner in fee of the land and entitled to the possession thereof.

The trial court found that the plaintiff was the owner in fee and in the actual possession of the land; that the defendant had no title to or interest therein; and ordered judgment accordingly. It was so entered, and thereafter, and within six months, the defendant paid the costs, and duly demanded a second trial of the action. Thereupon the plaintiff moved the court to set aside the demand, and the defendant appealed from the order granting the motion.

The statute giving a second trial as a matter of right in actions for the recovery of real estate is a remedial one, to be liberally construed. The court, to determine the right to a second trial in any given case, will look to the substance of the action determined, and not to the form thereof, and if, in fact, it was an action in which either party sought to recover the possession of land, the right to a second trial must be conceded. Eastman v. Linn, 20 Minn. 387 (433); Ferguson v. Kumler, 25 Minn. 183; Schmitt v. Schmitt, 32 Minn. 130, 19 N. W. 649; City of St. Paul v. Chicago, M. & St. P. Ry. Co., 49 Minn. 88, 51 N. W. 662.

The answer in this case contains all of the essential allegations of a cross action for the recovery of real property, except that it neither admits nor alleges that the plaintiff is in possession, but the complaint alleges that the plaintiff is in possession of the land, and asks the court to adjudge that he is entitled to such possession; while the answer alleges that the defendant is the owner of, and entitled to the possession of, the premises, and prays the judgment of the court accordingly. Now, does the mere fact that the defendant by a general denial raised an issue as to plaintiff's possession change the substantial character of the answer as a cross action for the recovery of land? It would seem not. If the trial court had found that the plaintiff was in possession of the land, but that the defendant was the owner in fee, and entitled to possession thereof, and judgment had been entered accordingly, the plaintiff would clearly have been entitled to a second trial under the statute; for the findings would, in such case, be responsive to the issues, and

the defendant on such a judgment would be entitled to an execution for the delivery to her of the possession of the land she was adjudged to be entitled to the possession of. If, in such case, the plaintiff is entitled to a second trial, it is because, and only because, the action as to the defendant is, in effect, one for the recovery of the possession of real property. We are of the opinion that the trial court erred in setting aside the defendant's demand for a second trial.

Order reversed.

START, C. J. (dissenting).

I dissent, for the reason that the action as to each party is one to determine the title to real property, and not to recover possession thereof.