JANE A. PHILLIPS and Another v. KNUD E. MO and Others.[1]

October 20, 1905.

Nos. 14,449—(57).

**Statutory Second Trial.**

To determine the right to a second trial under the statute, the court will look to the substance of the cause of action determined, and not merely to the form or manner in which it is presented.

**Application of Statute.**

Where, in an action to have a deed declared a mortgage, possession of the real estate is not sought by either party, section 5845, G. S. 1894, giving a second trial as a matter of right, does not apply.

**Same.**

G. S. 1894, § 5845, does not apply to all actions in which the title to real estate may come in question and be determined.

Appeal by plaintiffs from an order of the district court for Redwood county, Webber, J., denying a motion to vacate and strike from the files the decision of the court in favor of the defendants and to grant a new trial. Affirmed.

*Fred B. Phillips* and *Ernest S. Cary,* for appellants.
*Somerville & Olsen,* for respondents.

ELLIOTT, J.

The single question involved on this appeal is whether or not the plaintiff is entitled as a matter of right, under section 5845, G. S. 1894, to a second trial of the action. The suit was brought in Redwood county, and was tried by the court without a jury. A judgment was ordered for the defendants, and from an order denying a motion for a new trial the plaintiffs appealed to this court, where the order appealed from was affirmed. 91 Minn. 311, 97 N. W. 969. Judgment was thereafter entered in the district court. Within the time allowed by statute the plaintiffs paid the costs and gave proper notice of demand for a second trial as a matter of right, as provided by the statute in actions for the recovery of real property. From an order granting a motion

[1] Reported in 104 N. W. 681.

to strike the notice and demand from the files the plaintiffs appeal to this court.

As this statute applies to any action in which, whatever may be its form, recovery of real estate is sought by either party, it is necessary to analyze the pleadings in order to determine what was in fact the substance of the action. The complaint alleges that on August 1, 1896, the plaintiff Jane A. Phillips was the owner in fee and in possession of the premises in question; that she had theretofore mortgaged the lands; that the mortgage had been foreclosed and the time of redemption had about expired, when the plaintiffs entered into an agreement with the defendant Knud E. Mo, whereby he was to furnish the money to redeem said property from such sale and take an assignment of the rights of the purchasers at the foreclosure sale and a quitclaim deed from the plaintiffs, which was in fact to be a mortgage and be held as security for the repayment of the money so advanced by said Mo; that the deed was executed and delivered to Mo as security only, and that thereafter Mo transferred this real estate to another party; that the plaintiffs made certain payments to Mo; that they then demanded an accounting and offered to pay the balance due, and that defendant refused to accept the same or recognize the plaintiffs' claim; that plaintiffs have at all times referred to been in actual possession of the lands. Plaintiffs then demand that the said deed be declared a mortgage, the amount due thereon ascertained, and the plaintiffs be allowed to redeem on such terms as may be proper, and for such other and further relief as may be just and equitable.

The answer practically admits all the allegations of the complaint other than those referring to the deed in question, and alleges that such deed was in truth and fact an absolute conveyance and not a mortgage; that at the time of its execution an oral agreement was made to reconvey eighty acres of the said lands to the plaintiffs upon payment within a reasonable time of a certain proportion of the whole sum paid by Mo to redeem from the foreclosure sale; that no part thereof was ever paid, and that, after said deed was given to defendant, Mo leased the premises to the plaintiffs, who have since occupied the same as tenants and paid rent therefor to the said Mo, who was in possession of the premises through his tenants. The answer prays judgment that the plaintiffs take nothing by the action and that defendants recover

their costs and disbursements. The reply denies the lease of the premises to the plaintiffs, and prays judgment as demanded in the complaint.

The trial court found the facts generally as claimed by the defendant, and as conclusions of law found (1) "that the plaintiffs are not entitled to the relief demanded in the complaint nor to any relief whatever; (2) that the defendants are entitled to recover their costs and disbursements."

The act in question is a remedial statute and should be liberally construed. To come within it the action must be in the nature of an action of ejectment for the recovery of real property. It does not include all actions in which the title to real estate may come in question and be determined. As stated by Chief Justice Gilfillan in Godfrey v. Valentine, 50 Minn. 284, 52 N. W. 643, had the statute intended to give the right to a second trial in all actions where the title to real estate is involved and is determined, it would have used different language. To determine the right to a new trial in a given action, the court will look to the substance of the action, and not to the mere form thereof. Pleadings will be taken together, without special reference to their formal averments, and if it appears therefrom, in connection with the findings and decision of the court, that the result was to determine the ownership and right to possession of real property, the right to a second trial must be conceded. Where the ownership and right to possession concur, it has been the purpose of this court to disregard the mere technical effect of the pleadings in favor of the substantial rights of the parties. Eastman v. Linn, 20 Minn. 387 (433); Ferguson v. Kumler, 25 Minn. 183; Somerville v. Donaldson, 26 Minn. 75, 1 N. W. 808; Schmitt v. Schmitt, 32 Minn. 130, 19 N. W. 649; Knight v. Valentine, 35 Minn. 367, 29 N. W. 3; City of St. Paul v. Chicago, M. & St. P. Ry. Co., 49 Minn. 88, 51 N. W. 602; Godfrey v. Valentine, supra; Schons v. Village of Kellogg, 61 Minn. 128, 63 N. W. 255; McRoberts v. McArthur, 69 Minn. 506, 72 N. W. 796; Gahre v. Berry, 79 Minn. 20, 81 N. W. 537; Finnegan v. Brown, 81 Minn. 508, 84 N. W. 343; Gray Cloud Land Co. v. Security Trust Co., 93 Minn. 369, 101 N. W. 605.

Thus it has been allowed in an action to determine adverse claims (Eastman v. Linn, 20 Minn. 387 [433]; Gahre v. Berry, supra), of forcible entry and unlawful detainer (Ferguson v. Kumler, supra),

.and even in an action for a divorce (Schmitt v. Schmitt, supra), where a cause of action substantially in ejectment was improperly joined with a cause of action for divorce. But, while the statute has been thus liberally construed, it has been steadily and consistently held to apply only when the right to recover possession, as well as the ownership, is involved. Schons v. Village of Kellogg, supra; McRoberts v. McArthur, supra; Somerville v. Donaldson, supra.

Applying these rules to the present action, we find it very apparent that the action in form and substance is in equity to have an instrument which on its face purports to be a deed of conveyance declared to be in fact a mortgage for the security of a debt. The plaintiffs do not allege that they are entitled to possession, or ask to have their alleged possession by tenant confirmed. Nor do the plaintiffs ask to be adjudged the owners of the land. All that the defendants ask is that the court do not adjudge that the deed in question is a mortgage. The trial court has not found that either party is entitled to recover the possession of the land, and it could not properly have determined the right to possession under the issues raised by the pleadings and litigated at the trial. It is impossible for this court, from the record, to say that the action is in substance one for the recovery of real property. The allegations and findings as to the possession are merely incidental, and material only in so far as the fact of possession has a bearing upon the relation in which the parties stood to the deed which it is sought to have declared a mortgage.

Order affirmed.