MAGGIE J. HEINS and Others v. BOARD OF COUNTY COMMISSIONERS OF RENVILLE COUNTY and Another.[1]

November 10, 1905.

Nos. 14,612—(97).

**Second Trial of Action.**

In this an action to determine adverse claims to real estate, it is held,. following Phillips v. Mo, supra, page 42, and former decisions of this court, that the defendant was not entitled to a second trial of the action. by virtue of section 5845, G. S. 1894.

Appeal by defendant board of county commissioners from an order of the district court for Renville County, Powers, J., striking from the files a motion for a second trial of the action.  Affirmed.

*Frank Murray,* County Attorney, for appellant.

*Lyndon A. Smith* and *Lancaster & McGee,* for respondents.

START, C. J.

Action to determine adverse claims to the real estate described in the complaint.  A trial of the cause resulted in a judgment to the effect that the plaintiffs are the owners and entitled to the possession of the land, that the defendants have no estate or interest in ·or lien upon it, and that the plaintiffs recover from the defendant county the sum of $66.30 as costs.  The defendant within six months thereafter paid the costs and demanded another trial of the action, by virtue of section 5845, G. S. 1894.  The trial court, on motion of the plaintiffs, made its order vacating the demand and striking it from the files.  The defendant appealed from the order.

We had occasion in a recent case, Phillips v. Mo, supra, page 42, to construe section 5845, supra, which provides that:

> Any person against whom a judgment is recovered in an action for the recovery of real property, may, within six months after written notice of such judgment, upon payment of all costs and damages recovered thereby, demand another trial by notice in writing to the adverse party or his attorney in the action.

[1] Reported in 104 N. W. 903.

We held in that case, following former decisions of this court, that the section applies only to an action, whatever may be its form, in which the recovery of real property is sought, and that it does not apply to all actions in which the title to such property is in question and determined. This rule was expressly recognized in the case of Gahre v. Berry, 79 Minn. 20, 81 N. W. 537, cited and relied upon by the defendant in this case. There was a difference of opinion in that case as to the application of the rule, but none whatever as to its correctness. In determining in any particular action whether either party is entitled to a second trial by virtue of the statute, the substance of the action as disclosed by the pleadings, and not its form, is the test whether it be one for the recovery of real property. Gray Cloud Land Co. v. Security Trust Co., 93 Minn. 369, 101 N. W. 605.

Subjecting this action to such test, we find that the here material allegations of the complaint are these: The plaintiffs are in the actual possession of a tract of land described in the complaint, and the defendants and each of them claim an estate or interest therein or lien thereon adverse to the plaintiffs. Wherefore the plaintiffs demand judgment that defendants have no estate or interest in the premises or lien thereon. The answer of the defendant county alleged that it was the owner in fee simple and in possession of the land by virtue of a warranty deed therefor, executed and delivered to the defendant by the plaintiff's testate. The answer then put in issue the allegations of the complaint we have referred to, and demanded judgment that the plaintiff take nothing by the action and that the defendant have such relief as it shall show itself entitled to. The reply denied that the defendant was the owner or in the possession of the land, and alleged that the deed referred to in the answer was never delivered. It is perfectly obvious that neither of the parties to the action thereby sought to recover possession of real property, and, further, that the action is simply one to determine adverse claims to real estate. It follows that the defendant was not entitled to a second trial by virtue of the statute.

Order affirmed.