THOMAS TIERNEY v. SEPHIRE GONDEREAU.[1]

November 30, 1906.

Nos. 14,935—(117).

**Statutory Secondary Trial.**

.R. L. 1905, § 4430, providing for a second trial in actions for the recovery of real property, does not apply to an action brought under section 4454 to establish a boundary line between adjoining farms.

Appeal by defendant from an order of the district court for Sibley county, Morrison, J., granting a motion to strike the case from the calendar. Affirmed.

*F. C. Irwin,* for appellant.

*W. H. Leeman,* for respondent.

BROWN, J.

This action was brought under the provisions of chapter 68, p. 185, Laws 1893 (R. L. 1905, § 4454, et seq.), to determine the boundary line between the adjoining farms of the respective parties.

Plaintiff had judgment, establishing the disputed line, whereupon defendant paid the costs and demanded a second trial, under section 4430, R. L. 1905. From an order denying the right, and striking the case from the calendar on the ground that the statute referred to did not apply to the case, defendant appealed.

It is clear that the ruling of the trial court was right. The action is solely one to have determined a controverted boundary line between two adjoining farms. Neither the possession nor the right to the pos-

[1] Reported in 109 N. W. 821.

session of real property is in any way involved under the issues made by the pleadings.

Defendant in his answer alleged that he had acquired title by adverse possession to a strip of land adjoining the alleged boundary line, which line had become fixed by consent of the parties at a point different from that found by the court. But this did not change the action into one to recover possession of the land. Defendant was in possession of the disputed strip when the action was commenced, and at the time of the trial; but plaintiff did not ask to have him ejected therefrom, nor did defendant ask to have his possession or right of possession determined.

The case in this respect is similar to Phillips v. Mo, 96 Minn. 42, 104 N. W. 681. Though that was not an action to determine a boundary line, but one to have a deed declared a mortgage with the right to redeem therefrom, the right of possession was indirectly involved, and became fixed and determined by the final judgment in that suit. The court held that the statute granting a second trial in actions to recover real property did not apply. See also Heins v. Board of Commrs. of Renville County, 96 Minn. 188, 104 N. W. 903.

Unless the door is to be opened wide, and a second trial granted in all cases involving rights in real property, it must be denied in this case. If the statutes were extended to a case of this kind, we hardly can conceive of a case where it would be proper to deny the relief.

Order affirmed.