BUFFALO LAND & EXPLORATION COMPANY v. HUGH P. STRONG and Others.[1]

April 26, 1907.

Nos. 15,123—(51).

**Statutory New Trial.**

R. L. 1905, § 4430, granting a second trial in actions for the recovery of real property, only applies to actions where one of the parties is in possession of the property and judgment dispossessing him is sought by the other party.

**Same—Vacant Land.**

The statute does not apply to actions involving rights in vacant and unoccupied land.

**Same—Estoppel.**

Neither the acceptance by the prevailing party of the costs and disbursements awarded him by the judgment in such an action, nor delay in moving to dismiss and strike from the files the demand for a second trial, will estop him from questioning the asserted right of his adversary to a second trial under the statute.

Appeal by defendants William H. Adams and Maria L. Adams from an order of the district court for Lake county, Cant, J., granting a motion to dismiss their demand for a second trial. Affirmed.

*W. H. Adams, L. W. Collins* and *C. J. Cahaley,* for appellants.
*William C. White,* for respondent.

BROWN, J.

Trial of this action was had in the court below, and judgment ordered against defendants Adams to the effect that plaintiff was the own-

---

[1] Reported in 111 N. W. 728.

er of the land in controversy, that defendants had no right, claim, estate, or interest therein, and that plaintiff have and recover of them the sum of $32.99, costs and disbursements of the action. Judgment was entered May 4, 1903. Thereafter, on November 2, 1903, defendants paid the costs and made proper demand for a second trial. In October, 1906, plaintiff moved the court to set aside and dismiss the demand, on the ground that the action was not one in which a second trial could be had as a matter of right. Defendants appealed from an order granting the motion.

It is contended by defendants (1) that the action is one "for the recovery of real property" within the meaning of R. L. 1905, § 4430, and that they are entitled to a second trial as a matter of strict right; and (2) that the acceptance of the costs paid in connection with and in support of the demand for a second trial, and plaintiff's failure to move to dismiss the demand for a period of nearly three years, estops it from now questioning the validity and effect of the same. We are unable to concur in either one of these contentions.

1. The action is one to determine adverse claims to vacant and unoccupied land; and though the complaint alleges title and right of possession in plaintiff, and the answer alleges title and right of possession in defendants and demands judgment that the possession thereof be awarded them, the fact remains that the land is not in the possession of either party, but is vacant, and the case does not, therefore, come within the statute as one for the recovery of real property. The statute referred to was originally intended to apply to actions of ejectment only; but it has been construed broadly, and held applicable to all actions, whatever their form, where the title and possession of the property is in controversy and is demanded by either party. In no case, however, has it been extended to actions concerning rights in vacant and unoccupied land, but, on the contrary, has been limited to actions where the property is in the actual possession of one of the parties and is demanded by the other. In other words, the statute has always been confined to possessory actions, and rightly so, for its provisions, properly construed, contemplate none other. All the cases on the subject are collected by Mr. Justice Elliott in Phillips v. Mo, 96 Minn. 42, 104 N. W. 681. In Heins v. Board of Co. Commrs. of Renville County, 96 Minn. 188, 104 N. W. 903, an action to determine ad-

verse claims, in which both parties alleged that they were in possession of the property, a second trial was denied.

In Tierney v. Gondereau, 99 Minn. 421, 109 N. W. 821, the statute was held not to apply to an action to determine the boundary line between adjoining properties, though the right of possession was indirectly involved. Of course, the ultimate right of possession is involved in all actions concerning the title to real property; but the statute granting a second trial must, under the decisions, be limited to actions where judgment of ouster is sought against the party in possession. No possessory action can be maintained for vacant and unoccupied land. The suggestion of counsel for defendants that, if the statute be held inapplicable to cases where the property is vacant and unoccupied, the party in possession could vacate the land after the first trial and before demand for a second, and thus defeat the rights of the defeated party, is answered by the further suggestion that the right of either party to a second trial must be determined in the light of conditions existing at the time the action was commenced.

2. There is no force in the contention that the acceptance by plaintiff of the costs awarded by the judgment estops it from questioning defendants' right to a second trial.

The cases cited in support of this proposition, namely, Deering Harvester Co. v. Donovan, 82 Minn. 162, 84 N. W. 745, 83 Am. St. 417; William Deering & Co. v. Peterson, 75 Minn. 118, 77 N. W. 568, and Lamprey v. Henk, 16 Minn. 362 (405), do not support defendants' position. In the Donovan case an attempt was made by a principal to repudiate the act of his agent, and it was held that to entitle him to do so he must return and restore the benefits received. In the Peterson case it appeared that defendant had received and accepted benefits under the seed grain statute of 1893 when he was not entitled thereto, and the court held that he and all others claiming through or under him were estopped from denying the legality of the seed loan. In the Henk case a new trial of an action was granted "upon payment" of certain costs. The costs were paid, and accepted by the opposite party, who thereafter appealed from the order. The court held that the payment of the costs was a condition entitling the party to a new trial, $10 of which he could not have been compelled to pay had he elected not to comply with the order, and that an acceptance

thereof estopped the other party from appealing.    The case is not here in point.    In this case defendants paid to plaintiff nothing more than they were under legal obligation to pay, and which could have been enforced against them by execution—a condition not present in the Henk case, where payment was optional with defendant.

This question is disposed of adversely to appellant by Whitaker v. McClung, 14 Minn. 131 (170), where the point was directly passed upon.    Plaintiff lost no rights by not sooner moving to set aside the demand for a second trial.

Order affirmed.