### D. J. TEW v. WILLIAM WEBSTER.[1]

December 4, 1908.

Nos. 15,851—(99).

**Second Trial in Ejectment.**

R. L. 1905, § 4430, providing for a second trial in actions for the recovery of real property, does not apply to an action by the owner of a water power against the owner of a lower one to abate so much of his dam as caused the water to flow back upon the plaintiff's mill privileges, and to enjoin the maintenance of the defendant's dam at such a level as to turn water back into the plaintiff's tail race and onto his mill wheel.

Action in the district court for Fillmore county. After the former appeal reported in 103 Minn. 110, judgment was entered in favor of defendant. Defendant's motion to strike plaintiff's demand for a second trial from the files was granted, Kingsley, J., and from the order granting it, plaintiff appealed. Affirmed.

*H. S. Bassett* and *Gray & Thompson,* for appellant.

*Geo. W. Rockwell* and *Higbee & Higbee,* for respondent.

START, C. J.

This action was commenced in the district court of the county of Fillmore by the owner of a water power against the owner of a lower one to abate so much of his mill dam as caused the water to flow back upon the plaintiff's mill privileges, and to enjoin the maintenance of the defendant's dam at such a level as to turn water back into the plaintiff's tail race and upon his water wheel. The cause was tried by the court without a jury. Findings of fact were made favorable to the defendant, and as a conclusion of law the court directed that the action be dismissed upon its merits. The plaintiff appealed from an order denying his motion for a new trial, which was affirmed by the court, and cause remanded to the district court. Tew v. Webster, 103 Minn. 110, 114 N. W. 647. Judgment was entered in the district court in accordance with the conclusion of law and direction of the trial court. The plaintiff in due time paid the costs and duly demanded

[1] Reported in 118 N. W. 554.

another trial, pursuant to R. L. 1905, § 4430. Notice of such demand, with proof of service, were filed with the clerk of the district court. Thereupon the trial court, on motion of the defendant, made its order striking the demand and notice from the files of the court, and the plaintiff appealed from the order

The question presented by the record is whether the action is in substance and effect one for the recovery of real property. We held, in Reynolds v. Munch, 100 Minn. 114, 110 N. W. 368, that an action of ejectment might be maintained for land overflowed by the erection of a dam in a river adjacent to the land, where the defendant claims a perpetual right of overflow. The question, however, is not what kind of an action the plaintiff might have brought, but whether the one he brought was for the recovery of the possession of real estate. It cannot be held that the pleadings in this case bring it within the statute, even by a most liberal construction of both; for the action, clearly, is not for the recovery of the possession of real estate. Were we to hold otherwise, then in every action affecting the title to real estate the defeated party would be entitled, as a matter of right, to another trial.

We have repeatedly held that, to entitle a party to a second trial by virtue of the statute, the action must be one in the nature of an action of ejectment, and that it does not include all actions in which the title to real estate is involved and determined, and indirectly the right of possession. The case of Somerville v. Donaldson, 26 Minn. 75, 1 N. W. 808, was an action to set aside a conveyance on the ground of fraud. The plaintiff had judgment setting aside the deed, which determined the title to the real estate adversely to the defendant and indirectly the right to the possession thereof, and it was held that the action was not one in which the defeated party was entitled to a second trial. In Godfrey v. Valentine, 50 Minn. 284, 52 N. W. 643, it was held that the statute giving the right to a second trial in actions for the recovery of real estate did not apply to actions to determine adverse claims to real estate, except where judgment for the recovery of possession was demanded, and, further, that the statute gave the right only in actions which are in substance actions of ejectment. These cases were cited and followed in Schons v. Village of Kellogg, 61 Minn. 128, 63 N. W. 257, and in McRoberts v. McArthur, 69 Minn.

506, 72 N. W. 796, and again in Phillips v. Mo, 96 Minn. 42, 104 N. W. 681, in which the cases on the subject were collected, and it was held that the statute did not apply to an action to have an absolute deed declared a mortgage. Such an action determines the title to real estate and indirectly involves the right of possession.

The case of Tierney v. Gondereau, 99 Minn. 421, 109 N. W. 821, was an action in which there was judgment establishing the boundary line between the adjoining land of the respective parties. The defeated party demanded a second trial under the statute, and it was held that he was not entitled to it, although the judgment determined that he had no title to the disputed land which was in his possession. The last case cited was followed in Buffalo Land & Exp. Co. v. Strong, 101 Minn. 27, 111 N. W. 728, which was an action to determine adverse claims to real estate, and it was held that the statute did not apply, for the reason that it applied only to actions where one of the parties is in possession of real estate and judgment dispossessing him is sought by the other party. The case of Gahre v. Berry, 79 Minn. 20, 81 N. W. 537, cited and relied on by the appellant, involved only the question whether the pleadings, liberally construed, made the action one for the recovery of the possession of real estate, and a majority of the court held that they did. Such also was the case of City of St. Paul v. Chicago, M. & St. P. Ry. Co., 49 Minn. 88, 91, 51 N. W. 662, where the principal relief sought was the recovery of the possession of the property.

We are of the opinion that the statute giving a second trial in such actions has no application to this case.

Order affirmed.