## OLE BRACKEN v. INGEBERT P. TRONES.[1]

May 24, 1912.

Nos. 17,558—(86).

**Action for recovery of real property — second trial.**

R. L. 1905, § 4430, granting a second trial in actions for the recovery of real property, *held* not to apply to an action to compel conveyance by the defendant to the plaintiff of the latter's land, the legal title of which is alleged to have been obtained by the defendant in fraud of the plaintiff's rights.

Action in the district court for Todd county to compel defendants to convey to plaintiff certain real estate of which plaintiff was the owner and deprived of the possession. The case was tried before Taylor, J., who made findings and conclusions of law as set forth

[1] Reported in 136 N. W. 281.

in the opinion. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Donohue & Stephens,* for appellant.

*L. M. Davis,* for respondent.

PHILIP E. BROWN, J.

Appeal from an order striking the defendant Nelson's demand for a second trial of the action from the files and records thereof.

The sole question involved is the right of the defendant Nelson to have "another trial" of the action, pursuant to the provisions of R. L. 1905, § 4430.

To properly understand the contentions of the parties, it is necessary to make a brief statement of the issues involved in the action.

The here material allegations of the complaint are as follows: In January, 1905, the plaintiff owned the south half of a certain described quarter section of land in Todd county, the record title whereof then being in the defendant Trones as security for money loaned by him to the plaintiff. The agreement under which this land was conveyed to Trones provided that upon the payment of the amount due on the loan to him he would convey the land as directed by the plaintiff. In February, 1905, the plaintiff paid the said indebtedness to Trones, and directed him to convey the south twenty-six acres of the tract to the defendant Nelson; but Trones, instead of so doing, knowingly and fraudulently conveyed to the said Nelson, who then had knowledge of the facts above stated, the entire eighty acres.

The complaint further charges "that the said plaintiff is the owner of the whole of said quarter section of land, excepting the south twenty-six acres of the same, and entitled to the possession thereof; that since the twenty-eighth day of February, 1905, the said defendants have deprived the plaintiff of possession of the north fifty-four acres, * * * that they refuse to deliver up to him the possession of said land, or to deed to him or convey to him the title thereof," although due demand has been made therefor; that neither of the defendants has any right or title, claim, or interest in the said fifty-four acres. Judgment is demanded, "declaring that the said defend-

ants, nor either of them, have any right, title, claim, or interest to or upon said land and premises, and that they be by the court directed and instructed to convey to the plaintiff the said land, and the title thereof, and for such other and further relief in the premises as may seem to the court just and proper."

The portions of the defendant Nelson's answer pertinent to the question here involved are a denial of the plaintiff's claims and allegations to the effect that the said plaintiff is the owner of the land involved, and also an allegation that in the year 1905 the defendant "entered upon said land and took possession thereof, and is now in possession thereof." The defendant's prayer for relief is simply to the effect that it be decreed that the plaintiff has no right, title, claim, or interest in or to the land in controversy, "and for other and further relief as to the court seems just."

The court, after a trial of the action, made findings to the effect, among other things, that ever since the conveyance mentioned in the complaint the defendant Nelson has withheld possession of the premises in controversy from the plaintiff. As conclusions of law, the court found that the plaintiff was entitled to judgment, declaring him to be the owner of the land in dispute, and that the defendant execute a deed of conveyance thereof to the plaintiff; but no reference was made therein to the matter of the possession of the premises. In July, 1911, judgment was entered in accordance with the court's conclusions of law.

The statute cited has so frequently been construed by this court that a reference to the former decisions is decisive of this case. While the act should receive a liberal construction (Gahre v. Berry, 79 Minn. 20, 81 N. W. 537), it was intended to give the right to a second trial only in cases which are in substance actions in ejectment; that is, for the recovery of possession. Godfrey v. Valentine, 50 Minn. 284, 52 N. W. 643. In ascertaining the validity of the claim of a party to a statutory new trial as of right, the court looks at the substance of the action; and, regardless of the form of the pleadings, if the action is in fact one in which either party seeks to recover possession of real property, the right is held to exist. 2 Dunnell, Minn. Dig. § 7209. But to bring the case within the

rule it must appear, not only that the realty is in possession of one of the parties, but that the right to its possession is in controversy and is demanded by the other. Buffalo Land & Exploration Co. v. Strong, 101 Minn. 27, 111 N. W. 728. In Somerville v. Donaldson, 26 Minn. 75, 1 N. W. 808, it was held that the statute has no application to an action to set aside a conveyance on the ground of fraud.

Applying the principles declared in the cases above cited, is the defendant entitled to another trial of the action? We think not. The instant case is not one in the nature of ejectment, but is an equitable action, in effect seeking to have determined that the defendant Nelson holds the legal title to certain lands in trust for the plaintiff, and to compel him to convey the same to plaintiff. The possession of the land was neither in controversy nor demanded by either party. Evidently both of the parties and the court so considered the case; for no finding was made concerning the right of possession, and the record does not disclose that any demand was made for any finding or any adjudication in that regard.

To adopt the construction of the statute urged by the defendant would extend its application to all cases where the title to realty is in controversy; for the ultimate right of possession is always involved in the question of title. The fact that the right of possession is indirectly questioned is insufficient to bring the case within the statute; and the right must be limited to cases where judgment of ouster is sought against the party in possession. Buffalo Land & Exploration Co. v. Strong, supra; Tew v. Webster, 106 Minn. 185, 118 N. W. 554.

Order affirmed.