A. J. FINNEGAN v. CAMILE A. BROWN and Others.[1]

December 10, 1900.

No. 12,291—(107).

**Second Trial in Ejectment.**

When, under findings of the trial court responsive to the pleadings, the ownership and possession of real property are held to be in one of the parties, and the unsuccessful party, to prevail on a new trial, must establish a right to both ownership and possession, he is entitled to a second trial under the statute, as a matter of right, upon compliance with G. S. 1894, § 5845.

**Gahre v. Berry Followed.**

Gahre v. Berry, 79 Minn. 20, approved and followed.

Action in the district court for Redwood county to determine adverse claims to real estate. The case was tried before Webber, J., who found in favor of defendant A. A. Brown. Plaintiff gave notice of demand for a second trial, pursuant to G. S. 1894, § 5845. From an order denying a motion to vacate and strike from the files the notice and demand, defendant A. A. Brown appealed. Affirmed.

*S. & O. Kipp,* for appellant.

*Somerville & Olsen,* for respondent.

LOVELY, J.

Appeal from an order refusing to strike out a demand for a second trial in an action involving rights to real property.

It was alleged in the complaint that the plaintiff was the owner and in possession of the land in dispute. Appellant's answer denies the allegations of the complaint, and for an affirmative defense alleges that, at the time of the commencement of the action, he was and is the owner in fee simple and in actual possession of the lands described in the complaint, and asks that title be adjudged in him, and that the adverse claim of plaintiff be declared null and void, with prayer for judgment that the owner is entitled

[1] Reported in 84 N. W. 343.

to the possession of the land in question and for general relief. Plaintiff's reply was a general denial of the affirmative matter in the answer. The case was tried to the court, but the evidence is not returned, either by bill of exceptions or settled case, so that this appeal must be disposed of upon the pleadings and findings of the trial court. The court found that each and every allegation of the complaint "is false and untrue, except the allegation that the defendant, A. A. Brown, claims some right, title and interest in and to the land described." It also found that "each and every allegation of the answer of the defendant * * * is true." As a conclusion of law, it was held that the title in fee simple to the property was in the defendant A. A. Brown, and that no one but the defendant A. A. Brown "has any title, estate, claim, lien or interest in or to said land, or any portion thereof; but the said defendant, A. A. Brown, is entitled to have his possession and title in fee simple forever quieted and confirmed in him."

Upon the pleadings and findings above set forth, judgment was entered in behalf of the defendant A. A. Brown, after which the plaintiff, in due time and in proper form, gave notice of demand for a second trial of the cause, under the provisions of the statute authorizing the same in actions for the recovery of real property. G. S. 1894, §§ 5845, 5846. Appellant moved to strike out such notice and demand, which motion was denied, and he appeals from such order to this court.

The only question on this appeal which we feel called upon to consider is whether, as a matter of right, upon the pleadings and findings of the trial court, the plaintiff was entitled to a second trial, under the statutes referred to. Some confusion seems to have arisen as to the effect of previous decisions of this court upon this subject, but as we understand the result of all the cases where the distinction between actions concerning real property has been considered for the purpose of determining whether, in such actions, the unsuccessful party at the first trial is entitled to a second trial as a matter of right, under the statute which authorizes the same, the proper test has been whether, taking the pleadings together, without reference to the formal averments in them but taken in connec-

tion with the findings, the decision of the court determined the ownership as well as right of possession in the prevailing party; and where such rights have concurred, it has been the purpose of this court to disregard the mere technical effect of the pleadings in favor of the substantial rights of the parties, under the remedial statutes which give a second trial in actions to recover real property.

It goes upon mere statement that our system of pleading was adopted and has been extended from time to time to avoid all fictions and subterfuges by which the real merits of remedial rights can be defeated by the artful subtility of the pleader, and we do not think there is any real inconsistency between the former decisions of this court on the question under consideration. In the late case of Gahre v. Berry, 79 Minn. 20, 81 N. W. 537, it was held on a similar issue that, if the trial court found "that the plaintiff was in possession of the land, but that the defendant was the owner in fee and entitled to possession thereof, and judgment had been entered accordingly, the plaintiff would clearly have been entitled to a second trial under the statute." We cannot distinguish the case at bar from the one last cited. Here the court did find that appellant was the owner and in possession of the property, and also that the allegations of the complaint that the plaintiff was the owner as well as in possession were untrue; and the only inference that can follow from these findings is that the plaintiff was not in possession, while the defendant was,—thus making the right to possession to which either one party or the other was entitled the contested subject of the trial, presenting plainly and simply a controversy over the right to the recovery of the possession to real property which the unsuccessful litigant in this case seeks, and will be entitled to obtain, if he prevails on the second trial. We hold that the decision of Gahre v. Berry, supra, rules this case and must be followed.

The disposition we have made of this case renders it unnecessary to consider any other question presented by this appeal.

Order affirmed.