GRAY · CLOUD LAND COMPANY v. SECURITY TRUST COMPANY and
Others.

SAME v. ODIN G. CLAY and Others.[1]

December 2, 1904.

Nos. 14,060, 14,061—(71, 72).

**Right to Second Trial.**
> Gahre v. Berry, 79 Minn. 20, and Finnegan v. Brown, 81 Minn. 508, to
> the effect that, in determining the question whether an action is one in
> which either party is entitled to a second trial under the statutes as a
> matter of right, the substance of the action, as disclosed by the plead-
> ings, and not its form, controls, followed and applied.

**Title to Land.**
> If the title and right to the possession of land be involved in the action,
> either party is entitled to a second trial, even though other issues are
> presented by the pleadings upon which both are concluded by the first
> trial.

Appeal by defendant Security Trust Company from an order of the
district court for Washington county, Williston, J., denying a motion
to strike from the files plaintiff's demand for a second trial of the
action.   Affirmed.

*Durment & Moore* and *Ambrose Tighe,* for appellant.

*Sullivan & Manwaring* and *Childs, Edgerton & Wickwire,* for re-
spondent.

BROWN, J.[2]

Appeal from an order denying defendant's motion to set aside and
strike, from the files of the court plaintiff's demand for a second trial
of the action.

The only question presented is whether the action is one in which
the plaintiff was, under the statutes, entitled to a second trial as a mat-
ter of right, the action having been once tried, resulting in a judgment
for defendant.   In determining this question we must look to the sub-
stance of the action as disclosed by the pleadings, and not to its form;

[1] Reported in 101 N. W. 605.                    [2] Lewis, J., took no part.

93 M.—24

and if in fact it is one in which the plaintiff seeks to recover the possession of land, though other issues may be presented, the right to a second trial exists. Gahre v. Berry, 79 Minn. 20, 81 N. W. 537; Finnegan v. Brown, 81 Minn. 508, 84 N. W. 343.

With this rule in mind, we examine the complaint, and find allegations to the effect that plaintiff was on a certain date the owner in fee simple and possessed an absolute estate of inheritance in the land which is described therein; that it was at that time in possession of the same; and that in the year 1894 or 1895 defendant Security Trust Company wrongfully and unlawfully entered upon the land while so in plaintiff's possession, and has since unlawfully held and now holds the same forcibly and adversely to plaintiff. The prayer for judgment is, among other things, that plaintiff have judgment for the recovery of the land and the possession thereof. The complaint also alleges and sets forth the source of defendant's title, alleging that it was procured through the unauthorized and fraudulent conduct and acts of an agent of plaintiff, and that it is void, and of no effect. Further relief demanded is that the record evidence of defendant's title so fraudulently obtained be vacated, canceled, and set aside. It also demands that, in case the court shall find that defendant's title was not obtained by the fraudulent conduct of plaintiff's agent, plaintiff have judgment against the agent, who was made a party to the action, for damages.

But the controversy between plaintiff and the Security Trust Company involves solely and exclusively the title and right to the possession of the land, and the case comes within the rule laid down in Gahre v. Berry and Finnegan v. Brown, supra, and the court below properly denied the motion to strike the demand from the files. The new trial must be limited, however, to the controversy between these parties, and to the issues affecting the ownership, the right to the possession of the land, and the value of the use thereof from the time defendant trust company took possession. It is not important that issues other than the title and right to the possession of the land are involved in the action, for upon all issues not affecting such title or right to possession the former judgment is final and conclusive. In the case of Schmitt v. Schmitt, 32 Minn. 130, 19 N. W. 649, which was an action for divorce, the court held that, as the title and right to the possession of certain land was also involved in the litigation, a second trial of the

action was proper upon those questions, notwithstanding the fact that the action was in form one for divorce.

It is immaterial whether plaintiff can secure possession of the land against the tenant now in possession. Plaintiff may have judgment against the trust company for the possession, and be left to contest its rights with the tenant, if any controversy shall arise between them.

Order affirmed.