BENJAMIN NEWMAN, Plaintiff in Error, v. JAMES A. DICK, Defendant in Error.

### ERROR TO CASS.

Where the Circuit Court refused to dismiss a cause and continued it, in disregard of a stipulation; where the bill of exceptions does not state that it contains all the evidence, this court will presume, that the court below had enough presented for its consideration to justify its action.

A voluntary dismissal of a suit is a waiver of errors. A judgment upon a motion to dismiss, is not a final decision, determining the cause. A party should let, judgment be pronounced against his wishes, before he can sue out a writ of error.

THIS was an action of replevin, brought by Newman to recover from Dick a pair of mules, taken by the latter upon execution, in favor of one James Pointer against Henry R. Gillespie. The coroner executed the writ against Dick, who was sheriff, and returned the mules to Newman. The bill of exceptions is as follows:

"The parties in the above entitled suit agree to dismiss the same, the costs of the same to be divided equally between the parties, and the property replevied to be delivered to the plaintiff.                                                                B. NEWMAN,
                                                                          JAMES A. DICK."

Pursuant to which, on the calling of the cause, the plaintiff, by his counsel, moved the court to have said agreement entered of record, and to dismiss this suit; and the defendant, by his counsel, resisted said motion, and asked the court to disregard said agreement, and said he was ready for trial. Whereupon this cause is continued to the next term of this court at the costs of the defendant. The court disallowed the motion of the plaintiff, and continued this cause to the next term of this court at the cost of the defendant. To which disallowance of motion and continuance of the cause, plaintiff at the time, by his counsel, excepted, and excepts, and prays, etc.

Besides the foregoing, the record contains this agreement:

"Benjamin Newman and James A. Dick hereby agree, that if James A. Pointer shall not, on or before the 26th day of January next, give James A. Dick, Esq., ex-sheriff of Cass county, Illinois, a complete indemnification bond, to be approved by said Dick, for all damages accruing to the said Dick, for or on account of the levying upon two mules, by virtue of an execution in favor of said Pointer, and against Henry R. Gillespie, then the above agreement shall be filed in the cause wherein it is entitled, and the return upon the said execution shall be as follows, to wit: 'I release the above levy, the said mules hav-

ing been replevied and claimed by Benjamin Newman.' January 20, 1859.
B. NEWMAN,
JAMES A. DICK."

At September term, 1859, of the Cass Circuit Court, HARRIOTT, Judge, presiding, the plaintiff below dismissed his suit, and brought this cause to this court in error.

The only error assigned is the refusal of the court below, to dismiss this suit on motion of the plaintiff, according to the written agreement of parties.

D. A. and T. W. SMITH, for Plaintiff in Error.

H. E. DUMMER, for Defendant in Error.

WALKER, J. This record presents the question, whether the court below erred in refusing to dismiss the cause at the March term, 1859, and by granting a continuance at the defendant's cost. The motion was entered by plaintiff upon an agreement of the parties, and was resisted by the defendant. The bill of exceptions fails to disclose the evidence upon which the court determined this motion. For aught that appears in this record, there may have been an abundance of evidence establishing the fact that it would have been manifestly unjust to execute the agreement. It might have appeared in evidence that the plaintiff had released defendant from this agreement, or that there were written conditions annexed which had not been complied with by plaintiff, or that it had been obtained by fraud or duress; and as the record fails to state that it contains all of the evidence heard on the motion, we must presume that the court below was fully warranted in the rendition of that judgment. The defendant unquestionably had the right, on the hearing of the motion, to introduce evidence to defeat its allowance, and that he did, must be presumed, as it is not rebutted by any statement in the record.

The plaintiff, by voluntarily dismissing his suit, at the succeeding term, waived any error the court below may have committed, in deciding the motion to dismiss. From that decision he has no right to appeal or prosecute error, as it was not a final decision, determining the case. Nor has he any right to have the final judgment of the court dismissing the case reviewed, as that decision was made at his request and on his own motion. Were we to entertain jurisdiction, and reverse the decision of the court on the motion, the case would present the very singular attitude of a cause remanded for further proceedings, when the plaintiff had previously dismissed it, and which had been finally terminated as he desired, and against which

the defendant does not complain. It would be to require the court to proceed to try an incidental question in a cause, which had once been·in the court, and finally determined to the satisfaction of all parties. If the plaintiff had desired to have that decision reviewed, he should have renewed his motion, at the next term, and if that had been rejected, he should have suffered the cause to go against him without his assent, and then prosecuted error.

Nor can we perceive that any injury has resulted to the plaintiff, of which he has a right to complain. He was plaintiff in this replevin suit, had acquired the possession of the property, then in controversy, and the continuance of the cause could work him no material injury. Had he entered a motion to dismiss the suit, at the time when he submitted to the non-suit, it would doubtless have been allowed according to the terms of the agreement, unless the facts had shown that it was improper to have granted the motion. But failing to pursue this course, and voluntarily submitting to a non-suit, we are unable to discover anything in this record from which the plaintiff can appeal or prosecute a writ of error.

For these reasons we are of the opinion that the judgment of the court below must be affirmed.

*Judgment affirmed.*