HARRIET T. SAMMONS v. KATE J. PIKE and Another.[1]

July 17, 1908.

Nos. 15,653—(185).

**Second Trial in Ejectment.**

Section 4431, R. L. 1905, construed, and *held* to entitle defendant in an action in ejectment, who has paid the damages and costs awarded against him and thus obtained a second trial, to a return of the amount so paid, if he succeeds on the second trial on the merits, or the action be voluntarily dismissed by plaintiff.

**Same.**

A second trial of an action in ejectment, obtained as of right under the statute, extends to all questions or issues presented by the pleadings pertinent to the title and right of possession of the property, including damages for use and occupancy.

**Dismissal of Action.**

There can be no valid judgment without an action or proceeding in which to render it, and a dismissal of the action, though a previous judgment has been rendered therein, extinguishes action, judgment, and all, leaving the parties in the position they were in before the action was commenced.

Action in the district court for Steele county by the executrix of the estate of Anna Leslie Higbie, deceased, to recover possession of certain premises, $150 and a further sum equal to the value of the use and occupation, rents and profits of the premises in dispute from January 1, 1906, at the rate of $12.50 per month and also to cancel a certain deed of said premises from the husband of the testator to defendant Pike, and the record thereof. The case was tried before Buckham, J., who found that plaintiff was entitled to possession of the premises and $170, the value of the use and occupation thereof, and ordered judgment accordingly. Defendants demanded a second trial as authorized by statute, after paying the sum of $396.20, in satisfaction of costs and damages taxed. At the call of the calendar plaintiff dismissed the action with leave of the court. Upon notice defendants moved the dismissal of the judgment and for restitution

[1] Reported in 117 N. W. 244.

of $170 damages and $215.11 costs. From that portion of the judgment denying their motion for the repayment of the damages and costs, defendants appealed. Reversed with directions.

*L. W. Collins, W. A. Sperry,* and *W. H. Hallam,* for appellants. *Leach & Reigard,* for respondents.

BROWN, J.

Action in ejectment, in which plaintiff demanded, under proper allegations, judgment for the possession of the property, damages for its wrongful detention by defendant, and the costs and disbursements of the action. Defendant answered, putting in issue the allegations of the complaint, and alleging that she was the owner and entitled to retain possession of the property. Plaintiff prevailed at the trial, and had judgment awarding to her the ownership of the property and the sum of $170 damages for the use and occupancy of the premises by defendant, together with the costs and disbursements of the action, taxed at $215.11. Thereafter, and within six months from the date of the judgment, defendant paid the costs and damages so awarded and made proper demand for a second trial, as authorized by section 4430, R. L. 1905.

The cause was thereafter brought on for a second trial, and when called in its order on the calendar was dismissed upon plaintiff's motion. Defendant then moved the court, upon due notice, for judgment of dismissal and for the restitution and return of the amount paid by her to secure the second trial. The court denied the motion. A simple judgment of dismissal was entered, with the costs incurred on the second trial, and defendant appealed.

1. We are of opinion that the learned trial court was in error in not granting defendant's motion for a refundment of the money paid to obtain the second trial. The question, we think, is controlled by section 4431, R. L. 1905, where it is provided that the judgment given on a second trial in an action in ejectment shall be annexed to the first judgment and be the final determination of the rights of the parties, and, "if a prior judgment has been executed, restitution shall be ordered as the last judgment may determine the rights of the parties, and the same may be enforced by execution." Plaintiff claims the right to retain the fruits of the first trial, though the judgment

awarding them to her was necessarily vacated and annulled by the dismissal of the action. The statute referred to was intended to prevent anything of this kind.

A voluntary dismissal of the action was in legal effect a concession that plaintiff had no right to recover in the action, and the situation as a matter of law is precisely the same as though defendant had succeeded on the second trial on the merits of the controversy. The statute declares that there shall be restitution when the party obtaining the second trial prevails on the final trial. This can mean but one thing, and that a restoration, not only to possession of the property, but to all damages and costs paid to obtain the second trial. If this were not so, the party obtaining the first judgment would be entitled to retain the damages recovered for the use and occupancy of the premises, when by the dismissal he in effect concedes no right to recover at all. The case would be the same if the first judgment had been satisfied by execution. If an execution had been properly issued on the judgment in the case at bar and collected by the sheriff, and defendant had then demanded and obtained a second trial and prevailed thereon, the judgment would, within the meaning of the statute, have been executed, and defendant would unquestionably be entitled to a return of the money so collected by the sheriff and also the possession of the premises. In other words, "restitution," as used in this statute, means restitution, not in part, but in whole. Fish v. Toner, 40 Minn. 211, 41 N. W. 972. The fact that defendant voluntarily paid and satisfied the judgment in no way prejudiced her right to the same relief.

2. This view of the statute is in full harmony with the rules of the common law on the subject. Plaintiff has obtained in the course of judicial procedure money which, by the dismissal of her action, she forfeited all right to retain, and which in equity and good conscience she should return. We quote in this connection some pertinent observations of the court of appeals of New York in Haebler v. Myers, 132 N. Y. 363, 367, 30 N. E. 964, 15 L. R. A. 588, 28 Am. St. 589: " 'The general proposition is that this action lies in all cases where the defendant has in his hands money which, ex æquo et bono, belongs to the plaintiff. When money is collected upon an erroneous judgment

which, subsequent to the payment of the money, is reversed, the legal conclusion is irresistible that the money belongs to the person from whom it was collected.' This principle was recognized by the supreme court of the United States in United States Bank v. Bank of Washington (6 Peters, 8), where it was declared that 'on the reversal of a judgment the law raises an obligation in the party to the record, who has received the benefit of the erroneous judgment, to make restitution to the other party for what he has lost' and that he might proceed by action, scire facias, or order. The authorities uniformly support this position and out of many that might be cited the following are sufficient to illustrate the subject: (Sturges v. Allis, 10 Wend. 355; Maghee v. Kellogg, 24 Id. 32; Norton v. Coons, 3 Den. 130; Langley v. Warner, 1 Sandf. 209; Lott v. Swezey, 29 Barb. 87; Kidd v. Curry, 29 Hun, 215; Wright v. Nostrand, 100 N. Y. 616; Travellers' Ins. Co. v. Heath, 95 Penn. 333)."

3. It is urged by counsel for plaintiff that defendant interposed no objection to the dismissal of the action, did not ask that the dismissal be conditioned upon a return of the money obtained in satisfaction of the first judgment, and therefore waived the right to its return. This is not sound. Defendant was not required to object, nor to demand that the court interpose repayment of the money as a condition to the right of dismissal, and no rights were lost by her failure to do so.

4. It is also urged by counsel that the first judgment, so far as it awarded damages and costs to plaintiff, remains in full force and effect, notwithstanding the proceedings by defendant to obtain the second trial and the subsequent dismissal of the action in which the judgment was rendered, and entitles plaintiff to retain the amount paid thereunder, and, further, that the second trial of an action of this character does not extend to questions of damages for the use and occupancy of the property, and that as to that question the former judgment remains in full force and effect, until vacated and set aside by some other procedure.

These contentions are supported by ingenious, but not persuasive, argument. That the dismissal of the action wholly annulled the judgment there can be no serious doubt under the authorities. In fact,

authorities would seem unnecessary. There can be no judgment without an action or proceeding in which to render it; and a dismissal of the action or proceeding, though a previous judgment may have been rendered therein, extinguishes judgment, action, and all, leaving the parties in the position they were in before it was commenced. 14 Cyc. 458; Loeb v. Willis, 100 N. Y. 235, 3 N. E. 177; Morgan v. Campbell, 54 Ill. App. 244; Dowling v. Polack, 18 Cal. 625; Bishop v. McGillis, 82 Wis. 120, 51 N. W. 1075.

To the contention that the second trial must be limited to questions affecting the title and right of possession, to the exclusion of all' issues as to damages for the unlawful detention of the property, we cite, as holding to the contrary, Kremer v. Chicago, M. & St. P. Ry. Co., 54 Minn. 157, 55 N. W. 928, where it was in effect held that the second trial in actions of this kind must extend to all issues presented by the pleadings which are pertinent to the title, right of possession, and damages for withholding the property. We follow and apply that decision in the case at bar, and hold that the first judgment rendered in actions of this kind is not, as to damages awarded thereby, final or conclusive, but all questions of that kind must necessarily be litigated again on the second trial. Schmitt v. Schmitt, 32 Minn. 130, 19 N. W. 649, is not in point to the contrary.

No other questions require special mention. Whether defendant is entitled to have the costs and disbursements incurred by her on the first trial taxed and entered in the judgment of dismissal is not presented by the record, and therefore not considered. It does not appear from the paper book that defendant has attempted to tax such costs and disbursements, and, if she had, the proper remedy, if disallowed by the clerk, is an appeal from that officer's decision.

Judgment reversed, with directions to proceed in harmony with the views herein expressed.