**SCHOTIS et ux. v. NORTH COAST STEVEDORING CO. et al.**

District Court, W. D. Washington, N. D. January 16, 1928.

No. 11928.

**Dismissal and nonsuit ⬉⟿42—Voluntary dismissal is waiver of error, and terminates jurisdiction of suit.**

Voluntary dismissal is waiver of error, if committed, and terminates jurisdiction of suit, except for purpose of entering judgment of costs in favor of defendant.

At Law. Action by Albert F. Schotis and Clara M. Schotis, his wife, against the North Coast Stevedoring Company and others. On motion to retax costs and to remand to state court. Denied.

See, also, 24 F.(2d) 591.

Wm. Martin, of Seattle, Wash., for plaintiffs.

Huffer, Hayden, Merrit, Summers & Bucey, of Seattle, Wash., for defendants.

NETERER, District Judge. This cause commenced in the state court, was removed

to this court, and a motion to remand was denied. Thereafter, on November 17, the plaintiff took an order dismissing the case without prejudice. The cost bill for disbursement and appearance fees in the state court and this court, $6 and $10, respectively, transcript of removal, $8.30, premium on bond, $10, attorney's fees, $5, was filed November 23. The clerk allowed the cost. bill and taxed the costs accordingly.

The plaintiff objected to the $6 and $10 items of appearance fees, and to the $10 premium on bond, for the reason that the same were excessive, not taxable, and were not paid; that the attorney's fees are not taxable items, and that the transcript fee is not chargeable; that the court had no jurisdiction to tax any costs—and concluded his memorandum by saying: "All costs, except clerk's fees, should be disallowed."

The court took the matter under advisement, and there is now presented a "motion to reconsider and remand," and it is contended that the court erroneously denied the motion to remand, in that the court held that there was a separable controversy, one a statutory remedy, and the other a common-law, and that the statutory remedy against the stevedoring company may not be joined with the other defendants, seeking a common-law remedy.

Without a rediscussion of the motion to remand, it is sufficient to say that this case is readily distinguished upon the pleaded facts in the complaint from the cases cited by the plaintiff, in that in the cases cited by the plaintiff the employee was the agency through which the employer failed in the discharge of imposed duties, while in the instant case this relation is absent. But, aside from this, there is no action pending in this court upon which a reconsideration can be predicated. The voluntary dismissal was a waiver of error, if committed (Lowman v. West, 7 Wash. 407, 35 P. 130; Newman v. Dick, 23 Ill. 338; Whiting v. Walker, 2 B. Mon. [41 Ky.] 262; Holmes v. Chicago & A. R. Co., 94 Ill. 439) and extinguished the action (Sammons v. Pike, 105 Minn. 106, 117 N. W. 244), and the jurisdiction of the court ended (Turner v. Woodruff, 192 Iowa, 848, 185 N. W. 910), except for the purpose of entering judgment of costs in favor of the defendant (Miller v. N. P. R. R. Co., 30 Mont. 289, 76 P. 691).

Roberts v. Pac. & A. Ry. & Nav. Co. et al. (C. C.) 104 F. 577, affirmed (C. C. A.) 121 F. 785, disposes of the contention that the alien corporation is not entitled to remove. See, also, Baker v. Pinkham (D. C.)

211 F. 728; Niccum v. Nor. Ass. Co. (D. C.) 17 F.(2d) 160.

The motion to retax must be denied.