**A. B. DICK CO. v. MARR.**
No. 52, Docket 22096.

United States Court of Appeals
Second Circuit.

Argued April 21, 1952.

Decided May 26, 1952.

Charles A. Horsky, Washington, D. C. (Robert W. Byerly, Bruce Bromley, New York City, of counsel), for appellee.

Edward D. Bolton, New York City, M. Neil Andrews, Atlanta, Ga., for appellant.

Before PARKER, Chief Judge, and WOODBURY and RUSSELL, Circuit Judges, by special designation of the Chief Justice.

WOODBURY, Circuit Judge.

This is an appeal from a final judgment of the United States District Court for the Southern District of New York entered after protracted litigation involving the validity of patent No. 1,526,982 issued to one Hill, assignor to the plaintiff-appellee, A. B. Dick Company, on February 17, 1925, for an improvement in stencil sheets.

The instant proceeding began on August 7, 1929, when the plaintiff-appellee sued James Marr, the defendant-appellant, in the court below for infringing the above patent. The latter answered on October 1, 1929, setting up the numerous defenses ordinarily found in litigation of the sort, and in addition thereto charged that the plaintiff had fraudulently suppressed evidence of prior use of the invention covered by the patent. Wherefore the defendant prayed that the plaintiff's bill of complaint "be dismissed at plaintiff's costs." The defendant also filed a counterclaim wherein he alleged in broad and general terms that because of the plaintiff's fraud he had suffered "loss and irreparable damage and injury" to his business in excess of $3,000 exclusive of interest and costs.

The case came on for trial in the district court in April, 1932, and in June of that year the court entered an interlocutory decree enjoining the defendant from further infringement and referring the issue of the plaintiff's damages to a master. Hearings followed before the original master, and subsequently before his successor, which culminated nearly nine years later (October 8, 1941) in a report. Hearings on the report in the court below resulted in findings of fact and an opinion confirming the report, 48 F.Supp. 775, upon which final judgment was entered on October 2, 1943. The defendant then moved to reopen, for amendment of the findings, for new and additional findings and for the entry of a new judgment, but his motion was denied, and on December 28 the defendant filed notice of appeal from both the judgment and the order denying his motion to reopen. This court affirmed in June, 1946, 2 Cir., 155 F.2d 923, rehearing denied July 25, 1946, and the defendant filed a petition in the Supreme Court of the United States at its October Term 1946 for a writ of certiorari to review the above judgment of this court.

In the meantime both a civil action and a criminal prosecution under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, had been instituted by the United States against A. B. Dick Company in the Northern District of Ohio, Eastern Division, wherein among other matters Dick was charged with having suppressed, or attempted to suppress, evidence of prior use of the invention covered by the Hill patent in furtherance of a conspiracy to monopolize interstate and foreign commerce in stencils. The Solicitor General of the United States brought the charges leveled against Dick in the antitrust litigation in Ohio to the attention of the Supreme Court of the United States in the instant case in a memorandum filed during the pendency of the petition for certiorari wherein he said that in view of the charges he deemed it his duty under Universal Oil Products Co. v. Root Refining Co., 1946, 328 U.S. 575, 580, 66 S.Ct. 1176, 90 L.Ed. 1447 to raise the question whether Dick's "prosecution of the instant case may not consti-

tute a fraud upon the courts" and volunteered, if the court should wish to remand for inquiry into the truth of the facts alleged in the antitrust proceedings, the services of the United States as *amicus curiae* on the request of either the Circuit Court of Appeals or the District Court "in the framing and trial of the issue." In response to the Solicitor General's memorandum the Supreme Court on November 12, 1946, 329 U.S. 680, 67 S.Ct. 188, 91 L.Ed. 599, handed down a *per curiam* opinion granting the petition for writ of certiorari, vacating the judgment of the Circuit Court of Appeals, and remanding the cause to this court for consideration of the question raised by the Solicitor General in his memorandum as *amicus curiae, i. e.,* "whether respondent's prosecution of the instant case may not constitute a fraud upon the courts."

Thereupon this court in its turn vacated its judgment and mandate thereon, and remanded the case to the District Court of the United States for the Southern District of New York from which it had come for consideration of the question stated above. The District Court on July 15, 1947, on the foregoing mandate of this court adopted the decisions of the Supreme Court and this court as its own and ordered the issue tried when framed by a judge of the court to be named thereafter.

Before the issue was framed and ready for trial, however, on March 25, and March 26, 1948, respectively, Dick consented to the entry of a decree in the Ohio civil antitrust case, and pleaded *nolo contendere* in the criminal one, thus terminating that litigation. And one of the provisions in the consent decree in the civil case was that Dick should not further prosecute any litigation with respect to the Hill patent. Dick accordingly moved in the district court to dismiss the instant case, but that court took the view that under the circumstances action on the motion should be postponed until after trial.

Completion of the pleadings and disposition of preliminary motions took many months. Detailed recitation of these matters is unnecessary. It will suffice to say that on August 10, 1949, the district court

entered an order by consent of all concerned authorizing the Attorney General to participate in the proceeding as *amicus curiae* and directing that in the trial of the charges of fraud the *amicus curiae:*

"shall have the duty to present to the Court the available evidence bearing upon the charges, whether or not it supports the charges, to the end that the truth may be ascertained, and that the A. B. Dick Company and James Marr, doing business as Marr Duplicator Company shall have full opportunity to present evidence bearing upon the charges and to participate in the examination and cross examination of witnesses and in the argument before the Court, so that the customary procedure of an adversary proceeding may be observed."

Thereafter on January 12, 1950, the case was assigned to the Honorable Harold R. Medina for trial, and full hearing was held by him on various dates between May 22, and November 2, 1950, July, August and September excluded.

The trial was conducted throughout as a completely adversary proceeding. Many witnesses were called by the *amicus,* they were thoroughly examined and cross-examined by counsel for Dick, and numerous exhibits were introduced in evidence. Counsel for Marr also participated in the trial. At its conclusion the court prepared and filed a thorough and exhaustive opinion analysing each separate charge of fraud which had been leveled against the Dick Company, making evidentiary and ultimate findings of fact thereon. We find no occasion to state the facts found and the conclusions drawn from them. It will be enough to say that the court found all the charges of fraud unfounded with the result that it issued an order on remand answering the question propounded by the Supreme Court in the negative, i. e., it said specifically in its order that "respondent's prosecution of the instant case does not constitute a fraud upon the Court." Wherefore it further ordered that the defendant Marr's petition to vacate and set aside the decree and judgment theretofore entered in the case "be, and the same

is, in all respects denied." But on the same day the court also granted the plaintiff Dick's longstanding motion to dismiss, and entered an order "that the action is dismissed, with prejudice, without costs."

The defendant Marr duly filed a notice of appeal from both orders and this court was specially constituted to hear and dispose of the case.

■ Denial of the defendant's petition to vacate and set aside the judgment previously obtained against him in October 1943, logically followed from the court's reply to the question remanded to it to the effect that that judgment had not been procured by the plaintiff by fraud perpetrated upon the courts. Standing alone, the effect of the action of the court on the petition would therefore be to leave the judgment of October 2, 1943, in full force and intact and subject once more to appellate review. But at the same time that the court denied the defendant's petition to vacate and set aside the decree and judgment, it granted the plaintiff's motion to dismiss its entire case and entered an order of dismissal with prejudice. And this action of the court was the equivalent of vacation of the judgment theretofore entered in the case in the plaintiff's favor, so that, perhaps, the court would have been well advised to have entered on its own motion an order vacating that judgment. See Ericson v. Slomer, 7 Cir., 1938, 94 F.2d 437, 439. The reason for this is that voluntary dismissal of a suit leaves the situation so far as procedures therein are concerned the same as though the suit had never been brought, Maryland Casualty Co. v. Latham, 5 Cir., 1930, 41 F.2d 312, 313, thus vitiating and annulling all prior proceedings and orders in the case, and terminating jurisdiction over it for the reason that the case has become moot. Bryan v. Smith, 7 Cir., 1949, 174 F.2d 212, 214, 215. See also United States v. Alaska S. S. Co., 1920, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808, wherein it is said: "Where by an act of the parties, or a subsequent law, the existing controversy has come to an end, the case becomes moot and should be treated accordingly."

■ Moreover, dismissal of the plaintiff's case with prejudice gave the defendant the basic relief for which he. asked in his answer, i. e., not only final determination of the controversy in his favor, but also freedom from the possibility of further suit by the plaintiff on the same cause of action. Indeed the dismissal gave the defendant all the relief, and the only relief, to which he would be entitled had his allegation of fraud been sustained, and the court below, instead of finding as it did, had found that the plaintiff had been guilty of perpetrating a fraud upon the courts and in consequence had ruled that the plaintiff had come into court with unclean hands. Precision etc. Co. v. Automotive etc. Co., 1945, 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381. Thus, even if the case were not moot, we would not be able to see how the appellant could possibly qualify as a party aggrieved for all he has failed to recover under the orders appealed from are the ordinary costs he asked for in his answer, and it is fundamental that no appeal lies from a mere denial of ordinary costs. See the leading case of Newton v. Consolidated Gas Co., 1924, 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909.

■ Three grounds are suggested, however, in support of the appellant's right to remain in court. Stressing the paramount interest of the public in patent matters, the appellant contends that he should be allowed to prosecute this appeal in order to protect the public interest by bringing to book those who have defiled the purity of the judicial process. The answer to this suggestion is that we think it clear from the language in Universal Oil Co. v. Root Refining Co., 1946, 328 U.S. 575, 580, 581, 66 S.Ct. 1176, 90 L.Ed. 1447, that in private litigation such as this it is primarily the function of the law officers of the United States serving as amici, as the Attorney General and the Solicitor General did in this case, to protect the public interest by rendering impartial assistance to the courts in uncovering and punishing frauds upon the courts, and that it is the function of a party in cases like this to raise and prosecute such

accusations primarily in his own interest, and only secondarily in the interest of the public. A party's minor role as protector of the public interest in these cases does not seem to us enough to prevent this case from being moot.

 The appellant further says that he is entitled to an award of special costs, including an attorney's fee, for the work he has done in the case, and that failure to award him such special costs gives him the right to maintain this appeal. The simple and complete answer to this suggestion is that the defendant has never until now asked for an award of anything more than ordinary costs.

 The third ground suggested by the appellant in support of his position is that he alleged in his counterclaim that he had suffered irreparable damage to his business as a result of the plaintiff's fraudulent conduct, and the issue thus tendered remains undetermined. The answer to this assertion is that the defendant's allegation of damages is couched in the most broad and general terms, that the plaintiff denied it generally for lack of knowledge in his answer to the counterclaim, and that in all the years that have elapsed since the issue was joined the defendant, so far as we are able to determine, has never offered any evidence of his damages, or in any way whatever raised or presented the issue of his damages to any court for consideration. In our view a mere general claim for damages, asserted in a counterclaim but instead of being litigated allowed to lie completely fallow for twenty-three years, is not enough to keep this litigation alive.

 No doubt the Supreme Court had the power to order the institution of adversary proceedings against the persons concerned for the purpose of punishing any of them who might be found guilty of a contempt of court.[1] It did not do so, however, but instead remanded this case in order that consideration might be given to the question "whether respondent's prosecution of the instant case may not consti-

tute a fraud upon the courts," thereby paving the way for inquiry into the question whether the plaintiff's right to maintain its suit was barred by the clean hands doctrine. Therefore on this appeal we are not concerned with any contempt proceeding, or any other proceeding of a criminal nature. We are concerned instead merely with a civil suit for patent infringement wherein the only relief which could be afforded in the event of a finding of fraud would be to apply the clean hands doctrine and dismiss the case as was done in Root Refining Co. v. Universal Oil Products Co., 3 Cir., 1948, 169 F.2d 514. The case, however, has already been dismissed, although on another ground, on the plaintiff's motion, and thus the case necessarily has become moot for nothing further remains to be done.

Therefore as we see it our only alternative is to dismiss this appeal.

 This disposes of the case before us. It does not, however, fully dispose of the issue of fraud which the Supreme Court in the instant case remanded to this court, for this court has not only the power, but also the duty, even irrespective of the Supreme Court's mandate, to initiate voluntarily appropriate proceedings of an adversary nature against the individuals concerned effectively to ferret out and punish fraudulent conduct of the kind under consideration. Universal Oil Co. v. Root Refining Co., 1946, 328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447.

 We entertain some slight doubt as to whether we are authorized by our respective designations of the Chief Justice to act as circuit judges for the Second Circuit to go beyond the disposition of the immediate case before us, and to initiate on our own volition proceedings in the Second Circuit of a nature appropriate to unearth, and if found to exist to punish, the alleged frauds upon the courts. However, if we have the power, which we do not too seriously doubt, we think that this is not a case calling for its exercise. The charges of fraud examined into below were made by

---

1. The court below no doubt also had power to order the institution of like proceedings but naturally it did not do so in view of its findings.

504

the defendants in several other suits brought by the present plaintiff in this and other circuits for alleged infringement of the Hill patent, but never in any case were the charges substantiated, and furthermore the court below, after no doubt the most thorough, complete and exhaustive exploration yet made of the charges, found them wholly without merit and fully exonerated all of the persons accused. Moreover all but two of the persons charged with wrongdoing are now dead, and the two still living, although actors in, were not the instigators of, the course of conduct said to constitute a fraud upon the courts, and both of these survivors after a thorough examination and analysis of the roles they played were given clean bills of moral health by the court below. Under these circumstances we see no occasion for another investigation of the defendant's charges of fraud. Further comment, including a description of the charges, does not seem to be either called for or appropriate in this case in which the persons involved have not had an opportunity to participate directly in defense of their conduct.

Appeal dismissed.