Edward and Andrea P. BREGSTONE, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 381–81T.

United States Claims Court.

March 25, 1983.

---

Edward and Andrea P. Bregstone, Alexandria, Va., pro se.

Mary M. Abate, Washington, D.C., with whom was Asst. Atty. Gen., Glenn L. Archer, Jr., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MAYER, Judge.

This case is before the court on plaintiffs' motion to dismiss with prejudice pursuant to RUSCC 41(a)(2), with the parties to bear their respective costs and expenses. Defendant does not oppose the motion provided it is not precluded from seeking costs and attorney's fees.

Plaintiffs brought this action in the United States Court of Claims on June 15, 1981, seeking refund of taxes paid on June 29, 1979, to satisfy an Internal Revenue Service (IRS) assessment. They asserted the assessment was erroneous because when auditing plaintiffs' joint return for the period ending December 31, 1975, the Commissioner improperly included interest and dividends as income which plaintiffs did not receive. Defendant denied that the tax was erroneously or illegally assessed.

For almost a year, the parties engaged in discovery. On August 2, 1982, plaintiffs filed a submission pursuant to a pretrial order issued by the then trial judge. They assert they also sought to file a partial motion for summary judgment but that the Clerk refused it because Court of Claims Rule 101 required leave of the trial judge to file a summary judgment motion after issuance of a pretrial order. The record does not indicate that plaintiffs ever sought leave. Defendant was granted an extension of time until December 15, 1982, to file its pretrial submission.

The case was transferred to the United States Claims Court on October 1, 1982, when the Court of Claims ceased to exist. See Federal Courts Improvement Act of 1982 § 403(d), Pub.L. No. 97–164, 96 Stat. 25 (to be codified in 28 U.S.C. § 171 note). The rules of the Claims Court allow a party to file a motion for summary judgment any time after 60 days from commencement of the action without leave of the court.

RUSCC 56(a). Accordingly, on December 16, 1982, defendant filed a motion for summary judgment in lieu of a pretrial submission with information from financial institutions showing that the interest and dividends in question had been credited to plaintiffs' accounts.

On January 13, 1983, plaintiffs filed a motion for judgment by default because defendant failed to file a pretrial submission, a motion for an "order on rules" requesting that defendant be barred from filing a summary judgment motion because the Clerk refused to file plaintiffs' summary judgment motion under the old rules, and a response to defendant's motion for summary judgment. Defendant did not timely respond to plaintiffs' pleadings. At a hearing on February 3, 1983, counsel for defendant asserted that she had never received the motions. Mr. Bregstone, representing himself and his wife as permitted by RUSCC 81(d)(6), replied that he had mailed copies of the motions to defendant. Because this was not the first time a question concerning service had arisen, the court suggested that future service be by registered mail.

When asked to address his motion for an order on rules, Bregstone said he would save everyone time by dismissing the case. Bregstone added that he thought he could show the IRS had erred, but defense counsel had shown that the IRS had erred in the other direction and the two errors would "come fairly close to balancing out." Counsel for defendant, however, declined to stipulate to a voluntary dismissal pursuant to RUSCC 41(a)(1)(B) because defendant may decide to seek attorney's fees from plaintiffs which would require that defendant be considered the "prevailing party."

Plaintiffs' motion for an order on the rules was denied, but the court allowed them 10 days to decide whether to file a motion to dismiss pursuant to RUSCC 41(a)(2), and granted them leave to withdraw their objection to defendant's summary judgment motion in order to file a more detailed response or cross-motion for sum-

mary judgment, if they so desired. Bregstone then moved to withdraw the motion for default judgment, defendant did not object and the motion was granted.

The day after the hearing, plaintiffs filed this motion to dismiss with prejudice. Both parties declined oral argument on the motion.

The court has determined that it is in the best interests of the parties to grant plaintiffs' motion to dismiss this action with prejudice. Plaintiffs have expressed a desire to terminate the matter without further cost to either party. Defendant does not object to dismissal as long as it is not precluded from seeking attorney's fees and costs. Therefore, further proceedings would needlessly increase the expenditure of time and resources by the parties, to say nothing of the court.

The rules of this court provide three distinct methods for voluntarily dismissing an action: by notice, by stipulation of the parties, or by order of the court. Rule 41(a)(1) permits dismissal by notice any time before service of an answer or motion for summary judgment, or by filing a stipulation signed by all parties. In the posture of this case, plaintiffs may not avail themselves of either of these methods. They are prevented from filing a notice of dismissal because defendant has filed a motion for summary judgment; and a stipulated dismissal is unavailable because defendant has declined to sign one. Therefore, plaintiffs' only alternative is to seek an order pursuant to RUSCC 41(a)(2) upon such terms and conditions as the court deems proper.

Under RUSCC 41(a)(2), which is substantially the same as Federal Rule of Civil Procedure 41(a)(2), the court has the authority to weigh the equities and do justice in a case after plaintiff has lost its ability to effect a voluntary dismissal under RUSCC 41(a)(1). *See American Cyanamid Co. v. McGhee,* 317 F.2d 295, 298 (5th Cir.1963). Where plaintiff has moved to dismiss with prejudice, as in this case, it would likely be an abuse of discretion if the court were to deny the motion. *See Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir.1964). Dismissal with prejudice is a complete adjudication of the issues presented by the pleadings and serves as a bar to further action by plaintiffs on them. *Id.* Therefore, defendant has received the basic relief for which it asked and no prejudice to it could result from granting the motion. *A.B. Dick Co. v. Marr,* 197 F.2d 498, 502 (2nd Cir.1952).

Plaintiffs' motion to dismiss suggests that the court require the parties to bear their respective costs, including any attorney's fees. Under RUSCC 41(a)(2), the court has the discretion to establish the terms and conditions it deems proper. Courts may attach conditions to dismissal, including payment of costs and attorney's fees by plaintiffs, *see, e.g., American Cyanamid Co. v. McGhee,* 317 F.2d 295 (5th Cir. 1963); *see also* 5 J. Moore, Moore's Federal Practice ¶ 41.06 at 41–83 (2d ed. 1982), but defendant did not so request. Counsel merely asked not to be precluded from seeking costs and attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(b) (1982 Supp.IV). The court will address that request if and when it is made. For now, it is sufficient that dismissal with prejudice saves defendant from ever having to bear the expense of relitigating the issues plaintiffs raised in their complaint, and the court will in the exercise of discretion not condition dismissal on payment of costs or attorney's fees.

Accordingly, plaintiffs' motion pursuant to RUSCC 41(a)(2) is GRANTED and the Clerk will dismiss the complaint with prejudice.

It is so ORDERED.