**SOGITEC, INC.**

v.

**The UNITED STATES, et al.**

**No. 336–83C.**

United States Claims Court.

May 31, 1983.

Lee R. Marks, Washington, D.C., for plaintiff.

Allen C. Peters, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

William Bobesink and Jerry A. Walz, Dept. of Commerce, Washington, D.C., of counsel.

Burton A. Schwalb, Washington, D.C., for intervenor defendant, Intern. Computaprint Corp.

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

MARGOLIS, Judge.

Plaintiff Sogitec, Inc. seeks a temporary restraining order enjoining the defendant United States from awarding a contract to International Computaprint Corporation (ICC) to perform services for the U.S. Patent and Trademark Office in the U.S. Department of Commerce. Sogitec and ICC, the contractor that has been performing the contract for the past 12 years, submitted best and final offers in response to request for proposal No. PT–82–SAC–00316 by the U.S. Department of Commerce. The solicitation concerned performing certain data processing work for the Patent and Trademark Office for an initial year and two optional years. The solicitation required a separate offer for each of three years, but only one contract was being awarded. On May 12, 1983, the Department of Commerce announced its intention to award the contract to ICC. The United States agreed it would not award the contract until at least 14 days thereafter.

A hearing was held in Court on May 25, 1983 on Plaintiff's motion for a temporary restraining order with a supporting affidavit. Defendant filed an opposition to plaintiff's motion supported by an affidavit.

Plaintiff contends that ICC's bid is materially unbalanced and will not result in the lowest cost to the Government. The defendant opposes the motion asserting that Sogitec's allegations fail to demonstrate that it is likely to succeed on the merits and that the public interest is clearly balanced in favor of the Department of Commerce awarding the contract to ICC. The Court orally denied plaintiff's motion at the hear-

ing indicating that a written order would follow.

Sogitec alleges that because the Department of Commerce procurement officials took seven days to assess the best and final offers of Sogitec and ICC, the bid was "mathematically unbalanced," *i.e.,* each item does not carry its share of the cost of the work plus profit, but some items are bid at nominal prices, and others are bid at enhanced prices. Thus, the contracting officer could not ascertain which of the two bids would result in the lowest ultimate cost to the Government, and, therefore, ICC is not entitled to the award of this contract. In his affidavit, Contracting Officer Michael A. Keane stated that the delay was not unusual considering the complexity and importance of this nearly 30 million dollar contract. Keane further stated that the final offers were about 10 pages long and required the checking and comparing of numerous figures on both offers to insure that the Department of Commerce selected the best offer submitted.

The Department of Commerce determined that ICC's prices were not unbalanced. There is little or no evidence that the defendant acted arbitrarily or capriciously in exercising its broad discretion in awarding the contract to ICC.

At the hearing, the defendant indicated that ICC's offer was about $27,614,000 and that Sogitec's offer was about $28,765,000 (after mathematical errors were corrected) *, a saving of more than $1,100,000 for the Government. The likelihood of the Government exercising its first and second year options is very strong in view of the contract award to ICC for the previous 12 years.

There is a strong presumption that the Department of Commerce procurement officials performed their duties in good faith. At the hearing, plaintiff admitted that it was not challenging their good faith.

■ Where injunctive relief is sought, which relief is drastic in nature, the Court

---

* Sogitec, Inc. submitted an offer of $28,361,000. Mathematical errors were found by procure-

ment officials of more than $400,000, raising Sogitec's offer to $28,765,000.

must exercise great caution and even then, the aggrieved bidder should be made to establish its right to such drastic relief by means of clear and convincing evidence. Plaintiff has not done so. *N.V. Philips Gloeilampenfabrieken v. United States,* 1 Cl.Ct. 783 (Ct.Cl.1983) (Yock, J.).

The factors to be considered by the Court in denying a motion for a temporary restraining order are: 1) the likelihood of plaintiff's success on the merits, 2) whether the plaintiff will suffer irreparable injury if the injunction is not granted, 3) whether the issuance of injunctive relief would cause harm to other parties interested in the proceedings, and 4) whether granting or denying the injunction is in the public interest. *Gloeilampenfabrieken* at 784 citing *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.,* 559 F.2d 841, 842–43 (D.C.Cir.1977).

Plaintiff's allegations fail to show that it is likely to succeed on the merits of its claim, and the public interest is clearly balanced in favor of the Department of Commerce going forward with the award of this contract to ICC. Moreover, plaintiff has not raised serious legal questions warranting litigation.

It is clear from the history of this case and the related case of *International Computaprint Corporation v. United States,* No. 224–83C, that Sogitec was given an extraordinarily fair opportunity to compete for this contract. The Department of Commerce bent over backwards to permit Sogitec to show it was technically qualified to submit an offer. Now that plaintiff has not submitted the best and final offer, its bare and apparently unsupportable allegations should not impede the awarding of this contract to ICC.

Accordingly, based on the record in this case and the related case, this Court denies the plaintiff's motion for a temporary restraining order.

IT IS SO ORDERED.