**INTERNATIONAL COMPUTAPRINT CORPORATION**

v.

**The UNITED STATES, et al.**

No. 224–83C.

United States Claims Court.

Oct. 24, 1983.

Burton A. Schwalb, Washington, D.C., for plaintiff.

Allen C. Peters, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, for defendants; William Bobesink and Jerry A. Walz, Office of Gen. Counsel, Dept. of Commerce, Washington, D.C., of counsel.

Lee R. Marks, Washington, D.C., for Sogitec, Inc., intervening defendant; Bruce H. Rabinovitz, Washington, D.C., of counsel.

## MEMORANDUM AND ORDER

MARGOLIS, Judge.

The issue presented in this order was partially foreseen by Circuit Judge Nichols when—in the context of a contract bidder seeking pre-award injunctive relief—he noted that "[t]he bidder ... [must] ... file his suit without waiting to know if he has anything to protest. He may end up having sued to enjoin an award to himself." *United States v. John C. Grimberg Co., Inc.,* 702 F.2d 1362, 1379 (Fed.Cir.1983) (Nichols, J. concurring). Such was the case here. Plaintiff, after having been awarded the contract which it initially sought to enjoin, has moved under RUSCC 41(a)(2) for a dismissal without prejudice. The defendant has filed a cross motion for dismissal with prejudice and costs. This Court holds that the case will be dismissed without prejudice, without costs.

Plaintiff brought this action under 28 U.S.C. § 1491(a)(3) seeking to enjoin the awarding of a contract to perform services for the U.S. Patent and Trademark Office in the U.S. Department of Commerce. Defendant stipulated that it would not award the contract prior to 14 days after the is-

suance of the notice of intent to award the contract; this Court permitted the procurement process to run its course. Meanwhile, Sogitec, Inc., the only other bidder, also sought a temporary restraining order in No. 336–83C against the awarding of the contract. This Court denied Sogitec's request, finding that Sogitec had been given an "extraordinarily fair opportunity to compete for this contract." *Sogitec, Inc. v. United States,* 2 Cl.Ct. 533, 535 (1983). Plaintiff was then awarded the contract, and both plaintiff and defendant submitted the motions which are the subject of this order.

A dismissal with prejudice acts as a complete adjudication of the issues presented, *Bregstone v. United States,* 1 Cl.Ct. 786, 788 (1983) (Mayer, J.), while a dismissal without prejudice operates as if the action had never been brought. *See* 9 Wright and Miller, Federal Practice and Procedure: Civil § 2367 (1971). Under RUSCC 41(a)(2), an action may be dismissed only "upon order of the court and upon such terms and conditions as the court deems proper." Accordingly, the court has authority to "weigh the equities and do justice...." *Bregstone v. United States,* 1 Cl.Ct. at 788.

This case, however, is moot. Plaintiff, having been awarded the contract, has received the ultimate relief it sought. It is clear to this Court that "interim ... events have completely and irrevocably eradicated the effects of the alleged violation." *Douglas v. Donovan,* 704 F.2d 1276, 1279 (D.C. Cir.1983), *citing County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979). It is equally clear— and the defendant does not contest—that there is "no reasonable expectation" that the alleged violation will recur. *Id.* Dismissing the action as moot, and thus without prejudice, is the appropriate disposition in such a case. *See County of Los Angeles v. Davis,* 440 U.S. at 634, 99 S.Ct. at 1384, 59 L.Ed.2d at 651; *United States v. Munsingwear, Inc.,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

Finally, defendant asserts that the awarding of the contract to plaintiff proves the lack of merit to plaintiff's claim, and therefore plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. While at first blush such an argument appears attractive, this Court believes that it merely obfuscates the threshold issue of whether events which occurred after the filing of the complaint have resulted in there no longer being a live case or controversy before the Court.

The plaintiff's motion for dismissal without prejudice is granted, and the defendant's cross motion for dismissal with prejudice is denied. Defendant's motion for costs is also denied. The Clerk will dismiss the complaint without prejudice.