Filed 9/28/20 Small v. Allen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KELLY SMALL, | |
| Plaintiff and Respondent, | G058043 |
| v. | (Super. Ct. No. 30-2018-01001426) |
| DEANNA ALLEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Theodore R. Howard, Judge.  Affirmed.

Tredway, Lumsdaine & Doyle, and Brandon L. Fieldsted for Defendant and Appellant.

Christian F. Paul for Plaintiff and Respondent.

\*                     \*                     \*

A judgment creditor may extend the life of an unsatisfied money judgment by filing a separate action on the judgment within the 10-year statute of limitations. After obtaining only partial satisfaction of a July 2008 judgment against appellant Deanna Allen, respondent Kelly Small filed a separate action on the judgment in June 2018. (Code Civ. Proc. § 683.050; all statutory references are to this code.) The trial court granted Small's summary judgment motion, concluding Small met her initial burden to show she has an unsatisfied judgment against Allen and she filed the action on the judgment within 10 years of the initial entry of judgment.

Allen contends the trial court erred in granting summary judgment because Small voluntarily dismissed the underlying action in January 2017, which rendered the underlying judgment unenforceable. As explained below, we conclude the purported voluntary dismissal was ineffective, and therefore the underlying judgment remained intact.

Allen further contends there is a triable issue of material fact whether Small waived her right to enforce the July 2008 judgment because the voluntary dismissal evidences an intent to waive that right. We conclude Allen has not shown a triable issue of fact exists because the uncontradicted evidence shows Small did not intend to voluntarily dismiss Small from the action. More important, the order dismissing the action was ineffective and thus there was no relinquishment of the right to enforce the underlying judgment. Accordingly, the trial court properly granted summary judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2018, Small filed an independent action on the judgment against Allen, seeking to enforce a July 2008 judgment. The complaint alleged that in 2007, Small and her now deceased husband Jon (collectively "the Smalls") filed a complaint against Allen and her husband Thomas (collectively "the Allens"). In July 2008, the Smalls obtained a judgment against the Allens, and the judgment became final

2

in September 2008. Thomas Allen died in February 2013, and "his obligations to plaintiffs were discharged in bankruptcy after partial recovery against the underlying judgment was obtained." Deanna Allen also filed several bankruptcy petitions, but in 2011, a bankruptcy court ruled that the 2008 judgment was not a dischargeable debt. The complaint alleged the judgment was partially satisfied, with a remaining balance due of $241,362, and sought damages from Allen in that amount, plus interest, costs, and fees.

Allen filed an answer generally denying the allegations in the complaint and asserting numerous affirmative defenses.

Small filed a summary judgment motion, asserting it was undisputed Small has a 2008 judgment against Allen, the judgment has not been satisfied, there remains a balance due on the judgment, and Small's action on the judgment was timely. The motion further contended Allen has no defense to the action on the judgment because Allen is the sole judgment creditor. Small attached copies of the July 2008 judgment and documentation of partial recovery on the judgment.

Allen opposed the summary judgment motion, arguing no underlying judgment exists because the Smalls voluntarily dismissed the underlying action in 2017. Allen attached various documents showing that on January 13, 2017, the superior court granted Jon Small's request to voluntarily dismiss the underlying action. A minute order, dated January 23, 2017, reflects that Jon, who was not represented by counsel, discussed the "disposition of bankruptcy, and request[ed] the case be dismissed." "Pursuant to the request of Mr. Small, the Court order[ed] the entire action dismissed without prejudice." The electronic docket also stated that on January 23, 2017, "COURT ORDERS THE ENTIRE ACTION DISMISSED WITHOUT PREJUDICE."

Allen's opposition to the summary judgment motion also attached a copy of the Smalls' motion to vacate the January 2017 dismissal order as to Deanna Allen. In the motion to vacate dismissal, the Smalls argued that Jon only sought dismissal of the underlying action against Thomas Allen, who was in bankruptcy proceedings at the time,

3

and not as to Deanna Allen, who was not in bankruptcy proceedings. The Smalls argued the dismissal of the entire action was a "clerical error." At the hearing on the motion to vacate, the superior court stated, "[t]he clerk didn't make a mistake, as far as I can see, Mr. [Small] appeared and asked to dismiss the entire action. I did it. He may not have understood what he was doing, but that's what I did." The court denied the motion, but stated: "If you can think of some other way to rescue the judgment against Mrs. Allen, go for it."

In reply, Small argued that the voluntary dismissal of the action did not affect the judgment against Deanna Allen. Small noted that Allen cited no legal authority to support her contention a postjudgment dismissal of an action operates to vacate the existing final judgment. Small also argued that the minute order dismissing the action without prejudice could not affect the judgment because the order was unsigned.

The trial court granted Small's motion for summary judgment. In its written statement of decision, the court determined Small had met her initial burden to show she has an unsatisfied judgment against Deanna Allen and that Small's action on the judgment is timely. The court characterized the 2017 dismissal of the entire action without prejudice as "puzzling," but ultimately concluded the dismissal did not affect the judgment against Allen. It also concluded the underlying action could not be dismissed under section 581 because (1) the underlying judgment had become final years before the 2017 dismissal, and (2) there is no signed dismissal order. The court found Small did not waive her right to enforce the judgment because the purported dismissal was without prejudice.

II

DISCUSSION

A plaintiff moving for summary judgment meets its burden of showing it is entitled to judgment by establishing there is no defense to the cause or causes of action it has pled. (§ 437c, subd. (p)(1); *Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826,

4

849.) The plaintiff "has met [its] burden of showing that there is no defense to a cause of action if that party has proved each element of the cause of action entitling the party to judgment on the cause of action." (§ 437c, subd. (p)(1).) "Once the plaintiff . . . has met that burden, the burden shifts to the defendant . . . to show a trial triable issue of one or material facts exists as to the cause of action or a defense thereto. (*Ibid*.) "We review summary judgment appeals by applying the same three-step analysis applied by the trial court: First, we identify the issues raised by the pleadings. Second, we determine whether the movant established entitlement to summary judgment, that is, whether the movant showed the opponent could not prevail on any theory raised by the pleadings. Third, *if the movant has met its burden*, we consider whether the opposition raised triable issues of fact." (*Hawkins v. Wilton* (2006) 144 Cal.App.4th 936, 939-940.)

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained. [Citation.]" (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) "Because a summary judgment denies the losing party its day in court, we liberally construe the evidence in support of that party and resolve doubts concerning the evidence in that party's favor." (*Creekridge Townhome Owners Assn., Inc. v. C. Scott Whitten, Inc.* (2009) 177 Cal.App.4th 251, 255.) Finally, "[t]hough summary judgment review is de novo, review is limited to issues adequately raised and supported in the appellant's brief." (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 125.)

"A separate action on the judgment is expressly authorized in section 683.050, which states: 'Nothing in this chapter limits any right the judgment creditor may have to bring an action on a judgment, but any such action shall be commenced within the period prescribed by Section 337.5.'" (*Pratali v. Gates* (1992) 4 Cal.App.4th 632, 637.) "A judgment creditor is entitled as a matter of right to a judgment on the original judgment providing it is commenced within the 10-year statute of limitations

5

period." (*United States Capital Corp. v. Nickelberry* (1981) 120 Cal.App.3d 864, 868.) Thus, to prevail in an action on the judgment, Small needs only show she has an unsatisfied judgment against Allen and her action was filed timely. (*Green v. Zissis* (1992) 5 Cal.App.4th 1219, 1223.) Here, Small submitted evidence of an unsatisfied judgment, and her action on the judgment was filed within 10 years of the July 2008 judgment.

Allen contends the 2017 voluntary dismissal of the entire action nullifies the July 2008 judgment. As Allen acknowledges, there is no California authority supporting the postjudgment voluntary dismissal of an action. Her reliance on two non-California cases, *Sammons v. Pike* (1908) 105 Minn. 106 (*Sammons*), and *A.B. Dick Co. v. Marr* (2nd. Cir. 1952) 197 F.2d 498 (*Marr*), is misplaced.

In *Sammons*, *supra*, the plaintiff obtained a judgment following trial, and the defendant paid the costs and damages awarded in that judgment to secure a second trial on the same action. The plaintiff then voluntarily dismissed the action, and the Supreme Court of Minnesota concluded the voluntary dismissal annulled the judgment obtained following the first trial. (*Sammons*, *supra*, 105 Minn. at pp. 107-108.) *Sammons* is distinguishable because the judgment on the first trial was not a final judgment on the action. Under the specific Minnesota statute applicable to the action, if the defendant had prevailed after the second trial, the defendant was entitled to the return of all money paid to satisfy the judgment obtained in the first trial. (See *Sammons*, *supra*, 105 Minn. at p. 110 ["the first judgment rendered in actions of this kind is not, as to damages awarded thereby, final or conclusive, but all questions of that kind must necessarily be litigated again on the second trial"].) In contrast, here, the July 2008 judgment was final and conclusive when Jon Small sought to voluntarily dismiss the action.

Likewise, in *Marr*, *supra*, the judgment was not final before the plaintiff voluntarily dismissed its action. There, after the plaintiff obtained a judgment in federal

6

district court, the federal appellate court initially affirmed the judgment but eventually vacated its decision and remanded the matter. On remand, the district court ordered the matter retried, but before trial, the plaintiff moved to dismiss the action. (*Marr*, *supra*, 197 F.2d at pp. 500-501.) The district court postponed ruling on the motion to dismiss until after trial, and then granted the motion. (*Id.* at p. 501.) Thus, although there was a judgment when the plaintiff moved to dismiss, the judgment was not final because the matter had not been retried yet. In sum, Allen has not shown the Smalls could voluntarily dismiss the July 2008 judgment, which was a final judgment.

Moreover, the dismissal order was not effective because it was contained in an unsigned minute order. Under Code of Civil Procedure section 581d, "[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action and those orders when so filed shall constitute judgments and be effective for all purposes." Here, the court did not sign the dismissal order, and the record does not indicate there was a separate signed order. Thus, the purported dismissal order was ineffective, and the underlying judgment against Allen remained intact. Small met her burden to demonstrate she was entitled to summary judgment.

Because Small met her initial burden on summary judgment, the burden shifted to Allen to show a trial issue of material fact. Allen contends there is a triable issue whether Small waived her right to enforce the underlying judgment, arguing the voluntary dismissal evidences Small's intent to relinquish her claims against Allen. Although laches is not a defense to an action on a judgment (see, e.g., *Pratali v. Gates*, *supra*, 4 Cal.App.4th at p. 645), no published case has addressed whether waiver is a defense to an action on judgment. We need not resolve this issue because even if waiver is a defense to an action on judgment, Allen has not shown a triable issue of fact on waiver. "'Waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts.' [Citations]. The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does

7

not leave the matter to speculation, and 'doubtful cases will be decided against a waiver.'" (*City of Ukiah v. Fones* (1966) 64 Cal.2d 104, 107-108.) Here, it is uncontradicted that Jon Small, who was not represented by counsel, moved for dismissal of the action based on Thomas Allen's bankruptcy. The Smalls' subsequent motion to vacate the dismissal order to the extent it dismissed their action against Allen demonstrates the Smalls did not know the voluntary dismissal would affect their claims against Allen. More important, the order dismissing the action without prejudice was ineffective. Because the dismissal order was ineffective, there was no relinquishment of a right. Thus, the undisputed evidence does not suggest Small waived her right to bring an action on the judgment against Allen. Allen has not shown a triable issue on waiver.

### III

### DISPOSITION

The judgment is affirmed. Respondent is entitled to her costs on appeal.


ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.


8